UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
        v.                      )    Criminal No. 04-10377-NG
                                )
FREDY ZAPATA-SOTO               )

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### <u>MOTION FOR RECONSIDERATION OF DETENTION ORDER</u>

The United States of America, by and through its attorneys, Michael J. Sullivan, U.S. Attorney for the District of Massachusetts, and Nadine Pellegrini, Assistant U.S. Attorney, hereby files this Opposition to the Defendant's Motion for Reconsideration of Detention Order as follows:

(1) Defendant, who has previously defaulted on state criminal charges and who has failed to appear at immigration proceedings; who has used false names and multiple dates of birth, and who is currently subject to deportation, presents a risk of flight which is not obviated by the fact that he might face a lesser sentence than a person previously deported after conviction for an aggravated felony.

## I. Defendant's Background/Entry into the United States and Order of Deportation in 1991

Defendant's true identity is unclear, due to his multiple and contradictory statements regarding his name and date of birth. Defendant has used the name Fredy Zapata-Soto and Fredy Antonio Zapata in the past. But according to the Defendant, when

he was most recently encountered in 2004, he stated under oath that his true name is actually Juan DelaCruz Gonzales. He further admitted that he also used the name Juan Andujar. He claimed his date of birth was 5/3/67. See attached Affidavit of Defendant dated 10/19/94, Exhibit A.[1]

Defendant entered the United States without inspection in 1987. As a result of his illegal entry, Defendant was served with an Order to Show Cause ("Order") dated January 8, 1991, Exhibit C.  The certificate of service indicates that the Defendant was personally served with the Order and that his fingerprint was placed on the Order.  Defendant provided the following information as his address: 127 Roland Street, Woonsocket, RI. See Record of Deportable Alien, Exhibit D.

At the time of the service of the Order, Defendant was permitted to be released upon his own recognizance.  The Defendant was also personally served on the same day with the Notice that requires every alien to notify the (then) Immigration and Naturalization Service ("INS") in writing of each change of address and new address within ten days.  In order to show service upon the Defendant of this document, his fingerprint was also affixed to the Notice, Exhibit E.

---

[1]This information contradicts that which was provided by the Defendant, also under oath, in 1991 when he stated that his true name was Fredy Antonio Zapata-Soto and his date of birth was 2/12/68.  See Affidavit of Defendant in Administrative Proceeding, Exhibit B.

Despite the Defendant's statements that he was not provided proper notice, according to the recorded proceedings[2] before the Immigration Court on April 3, 1991, the court noted that the Defendant was sent Notice of the Hearing on February 27, 1991, at his last known address. Pursuant to the then-applicable 8 C.F.R. Section 3.17 (1990), it was (and remains) the responsibility of the Office of the Immigration Judge ("OIJ") to set the date of the hearing and to provide notice to the parties.  At the time of the hearing in 1991, service by mail at the last known address by the OIJ was deemed sufficient.  Matter of Munoz-Santos, 20 I.&N. Dec 205.  Moreover, upon a finding by the immigration judge that notice was provided, "then a hearing, in absentia, in accordance with section 242(b) may be held." Id.[3]  In this case, the Court,

---

[2]A copy of the tape of the proceedings was previously provided to defense counsel.

[3]Defendant's notes that he may yet file a motion to dismiss, alluding to the notification of the hearing. Assuming that this motion is predicated upon 8 USC 1326(d) grounds, such a motion would not be permitted as the Defendant cannot make the requisite showing which would permit him to collaterally attack deportation proceedings in a prosecution under 8 U.S.C. §1326(a). He fails to satisfy any of the conditions precedent pursuant to 8 U.S.C. §1326(d):

   (1)  the alien exhausted any administrative remedies that may have been available to seek relief against the order;

   (2)  those deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

   (3) the entry of the order was fundamentally unfair.

having noted that the Defendant was served with notice and failed to appear, continued the hearing *in absentia*.

At the conclusion of the hearing, the Immigration Judge issued his decision finding that the allegations in the Order to Show Cause provided sufficient basis for deportation of the Defendant. See Decision of Immigration Judge, Exhibit F.

A letter containing information regarding the decision and information regarding any appeal was also sent to the Defendant's last known address. These documents were returned as the envelopes were marked "addressee unknown." Defendant failed to appear on his scheduled date of deportation. No notice of appeal was filed. See Exhibits G and H.

## II. The 1994 Encounter

As a result of an arrest in 1994, Defendant was taken into ICE custody in February of 1994. It was finally determined that he was the subject of the 1991 Order of Deportation. Defendant was in fact deported on March 31, 1994. See Warrant of Deportation, Exhibit I.

## III. The 2004 Encounter

In October of 2004, the Defendant, using the name of Juan Gonzalez, was located in the Middlesex County Jail awaiting disposition of state breaking and entering charges. By fingerprint comparison, it was determined that the Defendant was, in fact, Fredy Zapata-Soto, who was deported in March of 1994.

4

There is no indication within the alien registration file that the Defendant applied for or received permission to re-enter the United States after his deportation.

## IV. Defendant's current status

Although the Defendant is correct that the government did concede that the State of Rhode Island Judgment and Conviction for his 1994 conviction appears to charge simple possession, it remains for the court and the Probation Department to make the final determination as to whether or not the conviction is that of simple possession or is possession with intent to distribute as set forth in the Information. A closer reading of the records simply does not clarify the issue due to the fact that the Judgement and the docket do not refer to a specific statute but merely state that the Defendant is pleading guilty as charged. Moreover since the Information states that the statute is "as amended," making it unclear if the clerk was referring to that portion of the statute. See Exhibit J.

In any event, the issue of the Defendant's status with respect to Immigration and Customs must be addressed. The Defendant claims that it would be "pure speculation" on the government's part to state that the Defendant would be deported before the prosecution is resolved. The government does not need to speculate since, for example, the outcome of the very case

cited by the Defendant in his memo in which Chief Judge Young released Rodas Alvarado to the ICE detainer, did, in fact, result in the deportation of the defendant prior to the disposition of the case and a subsequent dismissal of the indictment.  The government notes that, in a companion case, that of Rodas Alvarado's brother, who also released to ICE, also resulted in a deportation prior to the completion of the criminal case. A dismissal of the indictment was required.  In all candor, the government believes that this type of outcome is exactly that for which the Defendant hopes. See Exhibits K & L.

The fact that the Defendant has remained in custody without disposition on this matter is not the fault of the government and the government should not be put in the position where its prosecution can be thwarted due to the time that has passed.[4] Each continuance of this matter was assented to and/or requested by the Federal Defender's Office.

---

[4]Automatic discovery, which included the entire alien registration file, was provided on December 22, 2004. A copy of the tape of the Immigration Court proceedings was provided on March 3, 2005.

WHEREFORE, the government respectfully requests that the Motion to reconsider the Order of Detention be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:  /S/ Nadine Pellegrini
     Nadine Pellegrini
     Assistant U.S. Attorney


CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic mail:

Oscar Cruz, Esq.
Federal Defenders Office
408 Atlantic Avenue
Boston, MA 02210


This 29th day of November, 2005.


/s/Nadine Pellegrini
NADINE PELLEGRINI
ASSISTANT UNITED STATES ATTORNEY

# EXHIBIT A

# UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION AND CUSTOMS ENFORCEMENT

Boston, Massachusetts

## RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

### AFFIDAVIT
#### IN A CRIMINAL PROCEEDING

IN RE: FREDDY ANTONIO ZAPATA-SOTO   FILE NO. A  29  857  400
AKA  Juan  GONZALEZ

EXECUTED AT Middlesex County Jail, Cambridge MA   DATE  10/19/04

Before the following officer of Immigration and Customs Enforcement:   Jeffrey R Morin
in the   English   language.   Interpreter  not   used.

I, _____ , acknowledge that the above-named officer has identified himself to me as an officer of Immigration and Customs Enforcement, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding:  My current immigration status and prior deportation from the United States.

He has told me that my statement must be made freely and voluntarily, and has advised me of these rights:

"You have the right to remain silent.  Anything that you say can be used in court, or in any immigration or administrative proceeding. You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.  If you cannot afford a lawyer, one will be appointed for you before questioning if you wish.  If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time.  You also have the right to stop answering at any time until you talk to a lawyer."

I am willing to make a statement without anyone else being present.  I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me, God.  Being duly sworn, I make the following statement:

Q.  Do you wish to have a lawyer or any other person present to advise you?
A.  NO

Q.  Are you willing to answer my questions at this time?
A.  YES

Q.  Do you swear that all the statements you are about to make will be the truth, the whole truth and nothing but the truth, so help you God?
A.  YES

Q.  What is your true and correct name?
A.  Juan Dela Cruz Gonzales

Q.  Have you used any other names?
A.  Freddy Zapata , Juan Andujar ,

Q.  If so, what other names have you used?
A.

Q.  Of what country are you a citizen?
A.  D.R.

Q.  What is your date and place of birth?
A.  5/3/67

Form I-215B (Criminal)(Rev. 4-1-68)

Q.   Have you ever been ordered deported, excluded, or removed from the United States?
A.   Sí

Q.   If so, when and where were you ordered deported from the United States?
A.   1994 - MARZO  NUEVA YORK

Q.   If so, when and where were you removed from the United States?
A.

Q.   Did you ever apply for a waiver, from the United States Attorney General, to reenter the United States?
A.   NO

Q.   When did you last enter the United States?
A.   MAYO 5 - 03

Q.   How and where did you enter the United States at that time?
A.   CAMINANdo desde MéXICO

Q.   Is there anything else you would like to say at this time?
A.

I have read (or have had read to me) the foregoing statement, consisting of _1.9_ page(s). I state that the answers made therein by me are true and correct to the best of my knowledge and belief and that this statement is a full, true and correct record of my interrogation on the date indicated by the above-named officer of Immigration and Custom Enforcement. I have initialed each page of this statement.

Signature: _Juan de la Cruz gonzales_

Subscribed and sworn to before me at _Cambridge MA_ on _10/19/04_

Officer, Immigration and Custom Enforcement _____ Jeffrey R Morin , **Immigration Enforcement Agent**

Witnessed by: _____

Form I-215B (Criminal) (Rev. 4-1-68)

# EXHIBIT  B

**U.S. DEPARTMENT OF JUSTICE**
**Immigration and Naturalization Service**

RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM
-----------------------------------------------------------------
-----------------------------------------------------------------

AFFIDAVIT
IN AN ADMINISTRATIVE PROCEEDING

IN RE: *Fredy Antonio ZAPATA-Soto*    FILE NO. *A29 857 400*

EXECUTED AT: Providence, Rhode Island    DATE *January 8, 1991*

Before the following officer of the U.S. Immigration and
Naturalization Service: *Special Agent Melvin Graham*

in the *SPANISH* language. Interpreter *NONE* used.

==============================================================
I, *Fredy Antonio Zapata-Soto*, acknowledge that the above-
named officer has identified himself to me as an officer of the
United States Immigration and Natufalization Service, authorized
by law to administer oaths and take testimony in connection with
the enforcement of the Immigration and Nationality laws of the
United States. He has informed me that he desires to take my
sworn statement regarding:
        MY ENTRY INTO THE UNITED STATES.
He has told me that my statement must be freely and voluntarily
given and has advised me of these rights:
        You have been arrested because it is believed you are an
        alien not lawfully entitled to be or remain in the United
        States.

        You have the right to be represented by counsel of your
        choice at no expense to the Government.

        Any statement you make may be used against you in a
        subsequent administrative proceeding.

        A decision will be made within 24 hours or less as to
        whether you will be continued in custody or released on
        bond or recognizance.

        You are provided with a list of the available free legal
        this district which are qualified and/or recognized by the
        Immigration and Naturalization Service.

I am willing to make a statement without anyone else being
present. I swear that I will tell the truth, the whole truth, and
nothing but the truth, so help me, God.

Being duly sworn, I make the following statement:

My true and correct name is *Fredy Antonio ZAPATA-Soto*. I was
born on *February 12, 1968* at *Dominican Republic* and I am
a citizen of *Dominican Republic*. I last entered the United
States on or about *August 6, 1987* near *San Ysidro*,
*California* without inspection. I did not have a visa in
order to enter the United States.

The above has been read to me in the *SPANISH* language and
is true and correct to the best of my knowledge.

                                    x *Freddy A Soto*
                                    **Alien**

The above has been sworn and subscribed to me at Providence,
Rhode Island on *01/08/91*.

                                    *Melvin Graham, SA*
                                    **Immigration Officer**

Witness *[signature]*

# EXHIBIT  C

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service    **No.**

**ORDER TO SHOW CAUSE, NOTICE OF HEARING, AND WARRANT FOR ARREST OF ALIEN**

In Deportation Proceedings under Section 242 of the Immigration and Nationality Act

**UNITED STATES OF AMERICA:**    File No. ___A29 857 400___

**In the Matter of**    Fredy Antonio ZAPATA-Soto    **Respondent.**
127 Roland Street
Woonsocket, Rhode Island  02895

**Address (number, street, city, state, and ZIP code)**

**UPON** inquiry conducted by the Immigration and Naturalization Service, it is alleged that:

**1.** You are not a citizen or national of the United States;
**2.** You are a native of ___Dominican Republic___ and a citizen of ___Dominican Republic___;
**3.** You entered the United States at ___San Ysidro, California___ on
or about ___August 6, 1987___;
    **(date)**

4.    You did not present yourself for inspection;

5.    You were not inspected by a United States Immigration Officer;

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation **pursuant** to the following provision(s) of law:

Section 241(a)(2) of the Immigration and Nationality Act, in that,
you entered the United States without inspection.

**WHEREFORE, YOU ARE ORDERED** to appear for hearing before an Immigration Judge of the Immigration and Naturalization Service of the United States Department of Justice at _____
    TO BE SET
**on** ___TO BE SET___ at ___TO BE SET___ m, and show cause why you should not be deported from the United States on the charge(s) set forth above.

**WARRANT FOR ARREST OF ALIEN**

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I have commanded that you be taken into custody for proceedings thereafter in accordance with the applicable provisions of the immigration laws and regulations, and this order shall serve as a warrant to any Immigration Officer to take you into custody. The conditions for your detention or release are set on the reverse hereof. *Smage* ( *MHE* )

**Dated:**    January 8, 1991

        **(signature and title of issuing officer)**
        WILLIAM J. GRANGER, OFFICER IN CHARGE
        Providence, Rhode Island

        **(City and State)**

## NOTICE TO RESPONDENT

**ANY STATEMENT YOU MAKE MAY BE USED AGAINST YOU IN DEPORTATION PROCEEDINGS**

**THE COPY OF THIS ORDER SERVED UPON YOU IS EVIDENCE OF YOUR ALIEN REGISTRATION WHILE YOU ARE UNDER DEPORTATION PROCEEDINGS, THE LAW REQUIRES THAT IT BE CARRIED WITH YOU AT ALL TIMES**

If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service. You should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you should bring the original and certified translation thereof. If you wish to have the testimony of any witness considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Order to Show Cause and that you are deportable on the charge set forth therein. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. Failure to attend the hearing at the time and place designated hereon may result in a determination being made by the Immigration Judge in your absence.

You will be advised by the Immigration Judge, before whom you appear, of any relief from deportation for which you may appear eligible. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

## NOTICE OF CUSTODY DETERMINATION

Pursuant to the authority of Part 242.2, Title 8, Code of Federal Regulations, the authorized officer has determined that pending a final determination of deportability in your case, and, in the event you are ordered deported, until your departure from the United States is effected, but not to exceed six months from the date of the final order of deportation under administrative processes, or from the date of the final order of the court, if judicial review is had, you shall be:

☐ Detained in the custody of this Service.　　☒ Released on recognizance.

☐ Released under bond in the amount of $ _____ .

You may request the Immigration Judge to redetermine this decision.

☐ I do　　☐ do not request a redetermination by an Immigration Judge of the custody decision.

_____　　_____
(signature of respondent)　　　　　　　　(date)

## REQUEST FOR PROMPT HEARING

To expedite determination of my case, I request an immediate hearing, and waive any right I may have to more extended notice.

_____　　_____
(signature of respondent)　　　　　　　　(date)

## CERTIFICATE OF SERVICE

Served by me at _Providence, RI_ on ___01/08___ 19_91_ at _____ m.

( Personal Service made
+ I-618 served )

_Mehmet Atakan, SA_
(signature and title of employee or officer)

# EXHIBIT  D

# RECORD OF DEPORTABLE ALIEN

(See A.M. – 2790.31, 34 for Instructions)

| Family Name (Capital Letters) | Given Name | Middle Name | Sex | Hair | Eyes | Complexion |
|---|---|---|---|---|---|---|
| ZAPATA-Soto | Fredy | Antonio | M | BRO | BRO | DARK |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| Dom. Rep. | UNKNOWN | A29 857 400 | 505 | 150 | Auto Mechanic |

| U.S. Address | (Residence) | (Number) | (Street) | (City) | (State) | (Zip Code) | Scars or Marks |
|---|---|---|---|---|---|---|---|
| 127 Roland Street, Woonsocket, RI 02895 | | | | | | | None visible |

| Date, Place, Time, Manner of Last Entry | Passenger Boarded At | F.B.I. No. | Marital Status |
|---|---|---|---|
| AUG. 6, 1987   SYS   EWI | | | ☐ Single ☐ Married ☐ Separated ☐ Widow(er) ☐ Divorced |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| BANI, Dominican Republic | S.18.1 |

| Birthdate | Date of Action | Location Code | At (Near) | Date & Hour |
|---|---|---|---|---|
| 02/12/68 | 01/08/91 | PRO | Woonsocket RI | 01/08/91 |

| City, Province (State) and Country of Birth | AR ☐ | Form (Type & No.) | ☐ Lifted ☐ Not Lifted | By |
|---|---|---|---|---|
| BANI, DOM. REP | | | | SA Melvin Graham |

| Visa Issued At—NIV No. | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| Claims none | Claims none | EWI | Seeking |

| Date Visa Issued | Social Security No. | Send C.O. Reg. Check To | Length of Time Illegally in U.S. |
|---|---|---|---|
| Claims none | Claims none | PRO | Claims since entry |

| Immigration Record | Criminal Record |
|---|---|
| Claims none | Claims none |

| Name, Address, and Nationality of Spouse (Maiden Name, if appropriate) | Number & Nationality of minor Children |
|---|---|
| Claims none | 1-USC |

| Father's Name, and Nationality and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| Pio Zapata CoB/DR AOR/DR | Elsia Soto CoB/DR AOR/DR |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted | Lookout Book Checked | Deportation Charge(s) (Code Words) |
|---|---|---|---|
| ☐ None Claimed ☐ See Form I-43 | ☒ Yes ☐ No | ☐ Not Listed ☐ Listed, Code ___ | 241EN |

| Name and Address of (Last) (Current) U.S. Employer | Type of Employment | Salary | From: | To: |
|---|---|---|---|---|
| Claims none | ___ | ___ hr. | | |

**Narrative** (Outline particulars under which alien located/apprehended. Include details, not shown above, re time, place, and manner of last entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.) Alien has been advised of communication privileges pursuant to 8 CFR 242.2(e).

Initial ___MHG___   Date 01/08/91

Subject is a native and citizen of the Dominican Republic who claims to have entered the United States through San Ysidro, CA as EWI on 08/06/87.

On 01/08/91, subject was encountered by PRO/INV and the Woonsocket RI Police Department during an unrelated investigation at 546 North Main St., Woonsocket, RI.

There are no charges pending against this subject at this time.

_(Signature)_ SA
(Signature and Title)

(If space insufficient, show "continued" and continue on reverse, from bottom up):

| DISTRIBUTION | Received (subject and documents) (report of interview) from |
|---|---|
| 1 - LOG<br>1 - FILE | Officer: Melvin H. Graham<br>01/08 19 91 at ___ ( ) ___ M.<br>OSS/WA-OR<br>Disposition: ___<br>(Receiving Officer) _(signature)_ SSA |

Form I-213 (Rev. 4-16-79)Y UNITED STATES DEPARTMENT OF JUSTICE Immigration and Naturalization Service

X-2

# EXHIBIT E

**U.S. Department of Justice**

**Immigration and Naturalization Service**

_____

John O. Pastore Federal Building

Exchange Terrace

Providence, Rhode Island 02903

PLEASE REFER TO THIS FILE NUMBER

Name of
Alien: ZAPATA-Soto, Fredy                     A-File# A29 857 400
              (Last, First)

**\*NOTICE\***

Section 265 of the Immigration and Nationality Act states in part:

Every alien required to be registered under this title shall notify the
U.S. Immigration & Naturalization Service in writing (at the above address)
of each change of address and new address within ten days from the date of
such change.

--------------------------------------------------------------------------------

**\*CERTIFICATE OF SERVICE\***

I hereby certify that this notice was served upon the above referenced
respondent by personal service on  01 / 08 / 91          .
                                    Date (M/D/Y)

_____  SA
        Immigration Official    PRO / INV

# EXHIBIT  F

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
BOSTON, MASSACHUSETTS
File A29-857-400

In the Matter of:

                              In Deportation Proceedings

   ZAPATA-SOTO, FREDY ANTONIO
   Respondent

CHARGE(S): 241(a)(02)
APPLICATION(S):

On behalf of the Respondent:     On behalf of the Service

                             RICHARD BUYNISKI

DECISION OF THE IMMIGRATION JUDGE

It is charged in the Order to Show Cause that the respondent is a
native and citizen of
who entered the United States on or about   _P - 6 - 87_   and
is deportable under Section 241(a)(02) of the
Act. The Order to Show Cause was served upon the respondent. This
Order to Show Cause contained a warning that a failure to attend the
hearing at the time and place designated may result in a determina-
tion being made by the Immigration Judge in the respondent's
absence. The respondent was duly notified of the time and place
of the hearing, but without reasonable cause failed to appear on
04/02/91.

Section 242(b) of the Act, 8 U.S.C. 1252(b),provides inter alia that
the Immigration Judge shall have the power to conduct in absentia
hearings, "If any alien has been given a reasonable opportunity to
be present at a proceeding under this section, and without
reasonable cause fails or refuses to attend....the (Immigration
Judge) may proceed to a determination in like manner as if the alien
were present." The Supreme Court in INS v. Lopez-Mendoza, 104 S. Ct.
3479 (1984) stated, "The respondent must be given a reasonable
opportunity to be present at the proceeding, but if the respondent
fails to avail himself of the opportunity, the hearing may proceed
in his absence." See also Matter of Charles, 16 I&N Dec. 241
(BIA 1971); Matter of Jean, 17 I&N Dec. 100 (BIA 1979); Matter of
Patel, I.D. 2993 (BIA 1985); and Matter of Perez, I.D. 3025
(BIA 1987).

Since respondent failed to appear or show any reason for such
failure to appear, deportation proceedings were held in absentia.
The Immigration and Naturalization Service presented Form I-213,
Record of Deportable Alien/passport/affidavit/other* as evidence
that the respondent is a native and citizen of the country stated
in the Order to Show Cause and is deportable on the charge set forth
in the Order to Show Cause. I find that deportability as been

SLM

established by evidence which is clear, convincing and unequivocal. Woodby v. INS, 385 U.S. 276 (1966), 8 C.F.R. 242.14(a).

Respondent is not present to establish eligibility for any relief from deportation and therefore will be ordered deported to the country of his citizenship
ORDER: IT IS ORDERED that respondent be deported from the United States to DOMINICAN REPUBLIC on the
charge(s) contained in the Order to Show Cause.

Date: 04/03/91

THOMAS M. RAGNO
Immigration Judge                                          1U

# EXHIBIT  G

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
JOHN FITZGERALD KENNEDY FEDERAL BUILDING
GOVERNMENT CENTER, BOSTON, MASSACHUSETTS  02203

Fredy Antonio ZAPATA-Soto
127 Roland Street
Woonsocket, RI  02895

FILE #  A29 857 400
DATE:    June 13, 1991

Dear Mr. ZAPATA-Soto:

This is a warning. Please read carefully.

It has been ordered that you be deported to ___Dominican Republic___.
Should you wish to return to the United States you must write
this office or the American Consular Office nearest your
residence abroad as to how to obtain permission to return after
deportation.   By law  (Title 8 of United States Code, Section
1326) any deported person who within five years returns without
permission is guilty of a felony.   If convicted he may be
punished by imprisonment of not more than two years and/or a fine
of not more than $1,000.00.

A review of your file indicates there is no administrative relief
which may be extended to you, and it is now  incumbent upon this
Service to enforce your departure from the United States.

Arrangements have been made for your departure from Boston,
Massachusetts via a commercial airline.   You should report to
Deportation Section at Room 702 at the above address on
___July 1, 1991___, at ___11:00___ A. M., completely ready for
deportation.   At the time of your departure from Boston,
Massachusetts you will be limited to two pieces of baggage.
Should you have personal effects in excess of this amount you
must immediately contact a Deportation Officer at (617) 565-3304,
or call in person at the address noted above, and appropriate
disposition of your excess baggage will be discussed with you.

Please keep this letter and refer to the above file number when
writing to this office.

Sincerely,

CHARLES T. COBB
DISTRICT DIRECTOR

Form I-166/I-294 (Rev. 4/6/89)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
BOSTON, MASSACHUSETTS


ZAPATA-SOTO, FREDY ANTONIO
127 ROLAND STREET
WOONSOCKET      RI 02895


Date: 04/03/91

File A29-857-400

In the Matter of:
ZAPATA-SOTO, FREDY ANTONIO

_✓_ Attached is a copy of the written decision of the Immigration
Judge. This decision is final unless an appeal is taken to
the Board of Immigration Appeals. The enclosed copies of
FORM EOIR 26, Notice of Appeal, and FORM EOIR 27, Notice of
Entry as Attorney or Representative, properly executed, must
be filed with this office on or before _____ .
The appeal must be accompanied by proof of paid fee ($110.00).

_____ Enclosed is a copy of the oral decision.

_____ Enclosed is a transcript of the testimony of record.

_____ You are granted until _____ to submit a brief
to this office in support of your appeal.

_____ Opposing counsel is granted until _____ to submit a
brief in opposition to the appeal.

All papers filed with the Court shall be accompanied by proof
of service upon opposing counsel.

Sincerely,

_____
Immigration Court Clerk                    UL

cc: RICHARD BUYNISKI
    J.F.K. FEDERAL BLDG, ROOM 425
    BOSTON, MA  02203

# EXHIBIT H

RECEIVED

JUN 2 ~ 199

U.S. IMMIGRATION & NATURALIZAT
BOSTON, MASS.



CERTIFIED
MAIL
P 753 270 036

Fold at line over top of envelope to the
right of the return address.

U.S. OFFICIAL MAIL
U.S.POSTAGE
2.29

PENALTY
OR
PRIVATE
USE $300
P.B. METER
6091491

BOSTON
1991
1A

Official Business
Penalty for Private Use, $300

U. S. Department of Justice
Immigration & Naturalization Service

*John Fitzgerald Kennedy Federal Building*

*Government Center*

*Boston, Massachusetts 02203*

20

# EXHIBIT  I

## UNITED STATES OF AMERICA
### DEPARTMENT OF JUSTICE
#### IMMIGRATION AND NATURALIZATION SERVICE

## WARRANT OF DEPORTATION

No. A-29 857 400

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien      Fredy Antonio ZAPATA-Soto

who entered the United States at San Ysidro, California

on or about the 6th day of ·August , 19 87, is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241(a)(2) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the appropriation "Salaries and Expenses, Immigration and Naturalization Service to 9K, including the expense of an attendant, if necessary.

Signature: _____ Charles P. Cobb _____

Title: _____ District Director _____

Date: _____ March 30, 1994 _____

Place: _____ Boston, Massachusetts _____

Form I-205
(Rev.11-29-79)N

WARRANT FOR DEPORTATION OF

_ZAPATA, FREDY_
(Name of Deportee)

Deported at Port of _NYC JFK AIRPORT_ on _3/31/94_
(port of departure from the U.S.)     (date of departure)

via _AA 1445_
(manner of departure; identify airline or ship; if other, state: afoot, car, etc.)

Departure witnessed by: _Euglowski DEO_
(signature and title of officer)

If actual departure _not_ witnessed, fully identify source or means of departure
verification: _____

_____

If self-deportation pursuant to 8CFR 243.5, check here ☐

Officer Executing Warrant: _Euglowski DEO_
(signature and title)

Date Form Completed: _3/31/94_

Comments:

_Freddy Zapata_
(signature of person fingerprinted)

_A. Gil_
(signature of official taking print)

_SDEO_
(title of official taking print)

right thumb print

# EXHIBIT  J

6·4·9L
6 ·11·91

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

STATE OF RHODE ISLAND

        v.

(A) ALEX A. ESTREMERA
    alias John Doe
(B) FREDDY A. ZAPATA
    alias John Doe

PROVIDENCE, S.C.

Criminal Information No.
P2/91- 1701

### CRIMINAL INFORMATION

The Attorney General of the State of Rhode Island charges:

That ALEX A. ESTREMERA, alias John Doe, and FREDDY ZAPATA, alias John Doe, both of Providence County, on or about the 1st day of April, 1991, at Woonsocket, in the County of Providence, did unlawfully possess with intent to deliver a controlled substance, to wit, Marijuana, as set forth in Schedule I of §21-28-2.08 of the general laws, as amended, in violation of §21-28-4.01(A)(2)(a) of the General Laws of Rhode Island, 1956, as amended (Reenactment of 1982).

Against the form of the statute in such case made and provided and against the peace and dignity of the state.

DIANE COSENTINO
Special Assistant Attorney General
Designated by the Attorney General

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER

I hereby certi...
is an exac...                    ...ument
...of the origi...             ...roduction
...R.I. Supreme ...        ...n file in the
FILED                          ...rds Center

Signature...                    Date
MAY 22 1991                    Marijua
...                            180        12·3·04

CRIMINAL FACE SHEET PRINTED ON    ..-29-95

NDANT: ZAPATA, FREDDY                          CASE NUMBER: P2-91-1701-B
                                    ORIGINAL CASE NUMBER: 629104016

.S                                  POLICE DEPARTMENT
                                    WOONSOCKET

: OF BIRTH    BCI/ID NUMBER              OFFENSE DATE    ARREST DATE
:2-68         X0061951                   04-01-91        04-02-91

:ESS                                ATTORNEY OF RECORD       TYPE
  PINE STREET                  2531  CARRILLO, DANIEL        PRIVATE
NSOCKET    RI    02895              PROS: FERLAND

:RGING METHOD    CHARGING DATE
NT    STATUTE    CHARGE                                    INDEMNITY

PLAINT                04-02-91

    21-28-4.01-A2A        MANU/DELIVER SCH I/II CNTRL SUBS          $100

29-91  CHARGE DISPOSED OF AT SCREENING BY BEING CHARGED
        INFORMATION SIGNED.

    21-28-4.01-C1B        POSSESSION OF MARIJUANA                   $A

29-91  CHARGE DISPOSED OF AT SCREENING BY BEING NOT CHARGD
        NO INFORMATION SIGNED.

'ORMATION             04-29-91

. 21-28-4.01-A2A        MANU/DELIVER SCH I/II CNTRL SUBS            $100

-02-92  CHARGE DISPOSED OF AT DISPOSITION BY PLEA
        DEFD PLEADS NOLO TO AMENDED CHARGE BEFORE JUDGE DARIGAN.
        AMENDED CHARGE IS POSSESSION OF MARIJUANA          INDM: $A
-02-92  SUSPENDED  1 YEAR(S)
        PROBATION  1 YEAR(S)
        INDEMNITY FUND $20.00
-02-92  PROBATION FUND $60.00
JNT  '1 NOTE:  DEF TO FORFEIT ANY MONEY IN HIS POSS AT ARREST      INF

                    ACTIVITY INFORMATION
        04-02-91  AT ACI             04-12-91    RELEASED
        07-31-91  WAR ISSUED         07-31-91    RECL&CANCL
        09-25-91  WAR ISSUED         10-16-91    WARR CANCL
        10-30-91  WAR ISSUED         12-17-91    WARR CANCL
        09-10-92  WAR ISSUED         10-21-92    RECL&CANCL
        10-21-92  AT ACI             10-29-92    RELEASED
        02-15-93  WAR ISSUED         02-23-93    WARR CANCL
        03-15-93  WAR ISSUED         03-29-93    WARR CANCL

**181**

CRIMINAL FACE SHEET PRINTED ON    1-29-95

ENDANT: ZAPATA, FREDDY

CASE NUMBER: P2-91-1701-B
ORIGINAL CASE NUMBER: 629104016

29-95 PSC RODGERS, J. COSTS REVIEW IS POSTPONED
   LL      DEFENDANT DOES NOT APPEAR

## DOCUMENTS FILED

| Date | No. | Document | Filed By |
|------|-----|----------|----------|
| 12-91 | 1 | ENTRY OF APPEARANCE | BY DEFENSE |
| 22-91 | 2 | INFORMATION | BY STATE |
| 18-91 | 3 | RECOGNIZANCE | BY DEFENSE |
| 11-91 | 4 | ENTRY OF APPEARANCE | BY DEFENSE |
|  |  | CARRILLO |  |
| 17-91 | 5 | WARRANT | BY COURT |
| 27-91 | 6 | RECOGNIZANCE (FROM ACI) | BY STATE |
| 27-91 | 7 | AFFIDAVIT OF BAIL (FROM ACI) | BY STATE |
| 10-92 | 8 | RESP TO DEFD'S REQUEST FOR DISCOVERY & INSPECTION | BY STATE |
| 10-92 | 9 | REQUEST FOR DISCOVERY AND ALIBI | BY STATE |
| 19-92 | 10 | RESP TO STATE'S REQ FOR DISCOVERY AND INSPECTION | BY DEFENSE |
| 02-92 | 11 | CERTIFICATE OF JUDGE | BY COURT |
| 02-92 | 12 | JUDGMENT(S) OF CONVICTION ENTERED | BY COURT |
| 30-92 | 13 | RECOGNIZANCE (FROM ACI) | BY STATE |

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS REPORTER

I hereby certify ... ument
s an exact photo... reproduction
of the original document on file in the
... Supreme ... this Center

Mangual   12-3-04
Signature   Date

182

CRIMINAL FACE SHEET PRINTED ON    --29-95

NDANT: ZAPATA, FREDDY                    CASE NUMBER: P2-91-1701-B
                                 ORIGINAL CASE NUMBER: 629104016

HMA     CASE PASSED  FOR TRIAL
        DEFENSE ATTORNEY DANIEL   CARRILLO PRESENT.
        PROSECUTOR STONE PRESENT.

0-92 PSC DARIGAN, J.  PRE-TRIAL CONF IS POSTPONED
   CC    DEFENDANT DOES NOT APPEAR
        DEFENSE ATTORNEY DANIEL   CARRILLO PRESENT.
        PROSECUTOR STONE PRESENT.

:1-92 PSC GEMMA, J. WARRANT CANCELLATN IS COMPLETED
   MDK   DEFENDANT APPEARS
        PROSECUTOR WALLACE PRESENT.
        FOR WANT OF BAIL, DEFENDANT IS COMMITTED
        BAIL INCREASED BY $35,000.00 SURETY

)4-92 PSC GEMMA, J. PRE-TRIAL CONF IS POSTPONED
   DAT   DEFENSE DISCOVERY INCOMPLETE
        DEFENSE ATTORNEY DANIEL   CARRILLO PRESENT.
        PROSECUTOR STONE PRESENT.

l8-92 PSC DARIGAN, J. PRE-TRIAL CONF IS POSTPONED
   CMP   NOTIFICATION PROBLEM
        DEFENSE ATTORNEY DANIEL   CARRILLO PRESENT.
        PROSECUTOR STONE PRESENT.

)2-92 PSC DARIGAN, J. AT DISPOSITION, CASE IS DISP/SENT
   EEB   DEFENSE ATTORNEY DANIEL   CARRILLO PRESENT.
        PROSECUTOR DECAPORALE PRESENT.
        DEFENDANT RETRACTS PLEA OF NOT GUILTY
        DEFENDANT RE-ARRAIGNED
        PRE-SENTENCE REPORT WAIVED

l5-93 PSC CARNEVALE, J. PAYMENT OF COSTS IS POSTPONED
   DXF   DEFENDANT DOES NOT APPEAR

23-93 PSC CARNEVALE, J. WARRANT CANCELLATN IS COMPLETED
   JXB   DEFENDANT APPEARS

)2-93 PSC CARNEVALE, J. COSTS REVIEW IS POSTPONED
   DXF   BY ORDER OF THE COURT

l5-93 PSC CARNEVALE, J. COSTS REVIEW IS POSTPONED
   LXS   DEFENDANT DOES NOT APPEAR

29-93 PSC CARNEVALE, J. WARRANT CANCELLATN IS COMPLETED
   DXF   DEFENDANT APPEARS
        $100.00 PER MONTH EFF:  04-30-93.

183

CRIMINAL FACE SHEET PRINTED ON    11-29-95

ENDANT: ZAPATA, FREDDY                          CASE NUMBER: P2-91-1701-B
                                        ORIGINAL CASE NUMBER: 629104016

            PROSECUTOR  STONE PRESENT.
            RELEASED ON  SAME RECOGNIZANCE

14-91 PSC WILEY, J. PRE-TRIAL CONF IS POSTPONED BY DEFENSE REQUEST
    MDK     DEFENSE COUNSEL UNAVAILABLE
            PROSECUTOR  STONE PRESENT.

28-91 PSC WILEY, J. PRE-TRIAL CONF IS POSTPONED BY DEFENSE REQUEST
    KFG     NOTIFICATION PROBLEM
            PROSECUTOR  STONE PRESENT.

11-91 PSC WILEY, J. PRE-TRIAL CONF IS POSTPONED BY DEFENSE REQUEST
    MDK     DEFENSE NOT READY
            DEFENSE ATTORNEY DANIEL    CARRILLO PRESENT.
            PROSECUTOR  STONE PRESENT.

25-91 PSC WILEY, J. PRE-TRIAL CONF IS POSTPONED
    DAT     DEFENDANT DOES NOT APPEAR
            DEFENSE ATTORNEY DANIEL    CARRILLO PRESENT.
            PROSECUTOR  STONE PRESENT.

16-91 PSC GOLDBERG, J. WARRANT CANCELLATN IS COMPLETED
    KFG     DEFENDANT APPEARS
            PROSECUTOR DALY PRESENT.
            RELEASED ON SAME RECOGNIZANCE

30-91 PSC DARRIGAN, J. PRE-TRIAL CONF IS POSTPONED
    CC      DEFENDANT DOES NOT APPEAR
            DEFENSE ATTORNEY DANIEL    CARRILLO PRESENT.
            PROSECUTOR STONE PRESENT.

17-91 PSC GRANDE, J. WARRANT CANCELLATN IS COMPLETED
    LAB     DEFENDANT APPEARS
            PROSECUTOR EGAN PRESENT.
            FOR WANT OF BAIL, DEFENDANT IS COMMITTED

02-92 PSC WILEY, J. PRE-TRIAL CONF IS POSTPONED
    TRD     BY ORDER OF THE COURT
            DEFENSE ATTORNEY DANIEL    CARRILLO PRESENT.
            PROSECUTOR STONE PRESENT.

09-92 PSC WILEY, J. PRE-TRIAL CONF IS POSTPONED
    TRD     DEFENSE COUNSEL UNAVAILABLE
            DEFENSE ATTORNEY DANIEL    CARRILLO PRESENT.
            PROSECUTOR STONE PRESENT.

23-92 PSC WILEY, J. PRE-TRIAL CONF IS COMPLETED BY COURT REQUEST

184

CRIMINAL FACE SHEET PRINTED ON    ---29-95

DEFENDANT: ZAPATA, FREDDY

CASE NUMBER: P2-91-1701-B
ORIGINAL CASE NUMBER: 629104016

11-29-95  WAR IS SUED

### BAIL INFORMATION

02-91 ERICKSON, J. BAIL IS SET AT $10,000.00 SURETY
18-91 CALDARONE, J. BAIL IS SET AT $10,000.00 PERS RECOG
      ON 12-17-91  BAIL REVOKED
17-91 GRANDE, J. ON COUNT 1, BAIL IS SET AT $15,000.00 SURETY OR 10%
21-92 GEMMA, J. BAIL IS SET AT $35,000.00 SURETY OR 10%

### BAIL POSTING INFORMATION

16-91 CROSS POSTED SURETY IN THE AMOUNT OF $10,000.00
27-91 PROCACCIANTI POSTED SU-RL EST IN THE AMOUNT OF $15,000.00
30-92 EORF POSTED SU-RL EST IN THE AMOUNT OF $35,000.00

### EVENTS

02-91 6TH ERICKSON, J. FEL INITIAL APPEAR IS COMPLETED
  MJG
          DEFENDANT REFERRED TO PUBLIC DEFENDER
          FOR WANT OF BAIL, DEFENDANT IS COMMITTED

16-91 6TH  DETERM OF ATTORNEY IS COMPLETED
  IMR     PUBLIC DEFENDER TO ENTER APPEARANCE

04-91 PSC CALDARONE, J. PRE-ARGN DISP CONF IS COMPLETED
  CMP     CASE PASSED FOR ARRAIGNMENT
          PROSECUTOR PAGE PRESENT.

11-91 PSC CALDARONE, J. ARRAIGNMENT IS POSTPONED
  CMP     NOTIFICATION PROBLEM
          PROSECUTOR PAGE PRESENT.

18-91 PSC CALDARONE, J. ARRAIGNMENT IS COMPLETED
  MDK     PROSECUTOR PAGE PRESENT.
          DEFD APPEARS, IS ARRAIGNED AND PLEADS NOT GUILTY

24-91 PSC WILEY, J. PRE-TRIAL CONF IS POSTPONED BY COURT REQUEST
  AMN     COURT TO APPOINT PRIVATE COUNSEL
          PROSECUTOR STONE PRESENT.

31-91 PSC GEMMA, J. DETERM OF ATTORNEY IS POSTPONED
  JXB     DEFENDANT DOES NOT APPEAR
          DEFENSE ATTORNEY JOHN H RUGINSKI PRESENT.
          PROSECUTOR YOUNG PRESENT.

31-91 PSC WILEY, J. WARRANT CANCELLATN IS COMPLETED
  CC      DEFENSE ATTORNEY JOHN H RUGINSKI PRESENT.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
## CRIMINAL CASE ACTION REPORT
### SUPERIOR COURT

PROVIDENCE/BRISTOL ☐ KENT ☐ WASHINGTON ☐ NEWPORT

1. DEFENDANT:

CASE NO.

DC CASE NO. FOR WAIVER/MISC. PET. ONLY

B.C.I. NO.

DEFENDANT ADDRESS:

☐ SAME ☐ CHANGE OF

JUDGE:

CLERK:

ACTION DATE

D.O.B.

PROSECUTOR:

DEFENDANT'S ATTORNEY

FIRST:

LAST:

☐ APPEARS ☐ ENTRY OF APP/NCE FILED
☐ DOES NOT APPEAR

☐ PRI PRIVATE ☐ PDF PUB. DEFENDER ☐ CRT COURT APP'ND ☐ PRO PRO SE

2. PROCEEDING(S):
☐ PAC PRE-ARRAIGNMENT CONF.
☐ BRV BAIL R/W ☐ IDV IDENT. HRG ☐ CRT COURT APP'ND ☐ ARR ARRAIGNMENT ☐ DAT DET. ATTN'Y BAIL HRG
☐ PA/R PANEL CANC ☐ VPR V/R VIOL. RPT ☐ CCH COMPLY RPT ☐ WD RUSH ADV VOLATN
☐ SU SURETY ☐ CS CASH ☐ VBI V/BAIL VIOL HRG ☐ DIS DISPOSITN ☐ PTC PRE-TRIAL CONF.
☐ TRI TRIAL ☐ SEN SENTENCING ☐ EOS EXECUTN OF SENT ☐ SRI SENTENCE RE-IMPOSD
☐ PRV PROBATN R/W ☐ PRG PROGRESS RPT ☐ VIH VIOLATN HEARING ☐ PTS PRE-TRIAL STAT
☐ NOT MOTION(S) ☐ R/W REVIEW ☐ BOV BAIL OWED ON VIOLATN
☐ RVW PROBATN R/W ☐ BOV SENT OWD ON VIOLATN
☐ OTHER: ☐ ADV ADVISMNT OF SUPREME COURT DECISION

☐ DEFENDANT/STATE MOTION TO FOR
☐ G T GRANTED ☐ D N DENIED
☐ DEFENDANT/STATE MOTION TO FOR
☐ G T GRANTED ☐ D N DENIED

3. PLEA AT INITIAL ☐ ANG NOT GUILTY ☐ GUILTY ☐ RPD REFERRED TO P.D. ☐ PNI PRETRIAL NOTICE ISSUED
   ARRAIGNMENT: ☐ NOLO CONTENDERE ☐ DI REFERRED TO DIVERSION

CONFINED DATE:

CONFINED FOR/TO:

REASON:

CONTINUED FOR/TO:

BEFORE JUDGE:

TIME:

4. BAIL STATUS
☐ WBC FOR WANT OF BAIL

COUNT | COUNT | C COURT | S STATE | D DEFENSE | M MUTUAL AGREEMENT
CHARGES

AMOUNT OF BAIL

☐ AC ADULT CORREC. INST. ☐ IM INST. MNTL HLTH ☐ WD WOMEN'S DIV.
☐ OTHER INSTN.

☐ COMMITTED
☐ REMANDED TO:
☐ HELD WITHOUT BAIL
☐ NB HELD WITHOUT BAIL
☐ NO HELD MENTAL OBSERV.
☐ OTHER BAIL
☐ OTHER HOLDS

5. PARTY REQUESTING CONTINUANCE:

WARRANT ISSUED
WARRANT RECALLED AND CANCELED
WARRANT CANCELED
WARRANT OUTSTANDING ON CASE NO.

☐ VRP VIOLATION REPORT FILED
☐ VRW VIOLATION WITHDRAWN
☐ VBL VIOLATION OF BAIL
☐ ADV WAIVES/ADMITS TO BE VOL.
☐ DEV DECLARED A VIOLATOR
☐ DNV DECLARED NOT A VOL.

☐ CO CONT'D ON SAME
SUSP SENT, D/FRD, PROB, BAIL, PR
☐ SR
SENT REMOVED
$ SUSPENDED

☐ RV PR REVOKED
☐ RV BAIL REVOKED

6, 7. DISPOSITION/SENTENCING:
☐ RNG CHNG. OF PLEA ☐ RPN DFN. REARRAIGNED
☐ CCA CHG. AMND'D W/ CONSENT OF DFN.
☐ FOR PRESENT, RPT ORDRD ☐ NON NON-JURY TRI
☐ TRI JURY TRI

JURY SELECT.

TRIAL LENGTH:

DAYS
DAYS (NEAREST 1/2 DAY)

COUNT | AMENDED CHG. LESSR. OFF | DISPL. PLEA | SENT PR'D. D F | FULL SENT F S | TRM TO SRVE T S | SUSP. TRM S S | PROB. TRM P R | FINE AMT. F I | REST AMT. R E | UPON REL. U R

☐ CS CONSECUTIVE ☐ CR CONCURRENT
☐ MIN. STATUTORY DRUG ASSES. ☐ FB DENIAL FED. BENEFITS

RETROACTIVE DATE:
OTHER

STATE OF RHODE ISLAND
SUPERIOR COURT
JUDICIAL RECORDS CENTER

☐ CDNTNL. PLEA ENTRD
☐ CW PRESENT, RPT WAIVED
☐ FB PR'SNTLY SRVNG ON CS NO.

If above action requires more than one day, begin in space below or use space for SUPPLEMENTARY REPORT — ENTER

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, Sc.                                          SUPERIOR COURT

        State of Rhode Island

                    vs                        CASE NO. P29117018

        FREDDY    ZAPATA

## JUDGMENT OF CONVICTION
## AND COMMITMENT

On this date, 12-02-92 came the attorney for the State, DECAPORALE    and the defendant who appeared in person and by counsel, namely DANIEL    CARRILLO    before Judge OARIGAN

IT IS ADJUDGED that the defendant upon a PLEA of NOLO CONTENDERE of the offense(s) of

COUNT 001   POSSESSION OF MARIJUANA

SUSPENDED                 1 Year(s)

PROBATION                 1 Year(s)

INDEMNITY FUND
Amount         $20.00

PROBATION FUND
Amount         $40.00
Note: DEF TO FORFEIT ANY MONEY IN HIS POSS AT ARREST

as charged in the INFORMATION        and the COURT having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the COURT,

IT IS ADJUDGED that the defendant IS GUILTY as charged and convicted.

TRUE COPY
ATTEST _____     _____     12-02-92
              CLERK                  JUSTICE, SUPERIOR COURT       DATE EFB

STATE OF RHODE ISLAND
SUPREME COURT
JUDICIAL RECORDS CENTER

I hereby certify that this document is an exact photographic reproduction of the original document on file in the R.I. Supreme Court Records Center

Signature                    Date
                          12-3-04

187

# EXHIBIT  K

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.04-10191-WGY |
| | ) | |
| RODAS ALVARADO | ) | |

## DISMISSAL OF INDICTMENT

The United States of America, pursuant to Rule 48(a) of the
Federal Rules of Criminal Procedure, hereby dismisses without
prejudice the indictment against RODAS ALVARADO.  As grounds for
the instant dismissal, the undersigned states the following:

The Defendant was indicted on June 30, 2004 for violations
of 8 U.S.C. §1326(a) (illegal re-entry by deported alien) and 8
U.S.C. §1324 (harboring of aliens).  The government moved for
detention of the Defendant pursuant to 18 U.S.C. §3142(f)(2)(a).
The government argued that the Defendant, if released, would be
subject to deportation and therefore, unavailable for prosecution
and trial. On July 21, 2004, after a hearing, the Court released
the defendant.

After the Defendant's release from Marshal's custody, the
Defendant was subject to a detainer from Immigration and Customs
Enforcement. Defendant, having been previously deported, was
subject to reinstatement of his prior removal order.

On September 10, 2004, the defendant was deported from the United States pursuant to the Warrant of Deportation and is not available for his trial.

Respectfully submitted,

/s/Michael J. Sullivan
MICHAEL J. SULLIVAN
United States Attorney

October    , 2004
Leave To File Granted:

_____
WILLIAM G. YOUNG
Chief United States District Judge
Date: _____

CERTIFICATE OF SERVICE

I, Nadine Pellegrini, hereby certify that I have this 15th day of October, 2004, served by electronically filing a copy of the foregoing on counsel for the defendant, Miriam Conrad, Esq., Federal Defender Office, Boston, MA.

/s/Nadine Pellegrini
Nadine Pellegrini
Assistant U.S. Attorney

# EXHIBIT  L

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
        v.                )    CRIMINAL ACTION: 04-10197-MLW
                          )
JUAN RIVERA ALVARADO      )

## DISMISSAL OF INDICTMENT

The United States of America, pursuant to Rule 48(a) of the
Federal Rules of Criminal Procedure, hereby dismisses without
prejudice the indictment against JUAN RIVERA ALVARADO.

As grounds for the dismissal, the undersigned states the
following:

The Defendant was indicted on July 7, 2004 for violations of
8 U.S.C. §1326(a) (illegal re-entry by deported alien) and 18
U.S.C. §1028(a)(6)(possession of fraudulent identification
documents). The government moved for detention of the defendant
pursuant to 18 U.S.C. §3142(f)(2)(a). The government advised that
the Defendant would be subject to deportation if released and
that his deportation would result in his unavailability for
prosecution and trial. However, the Magistrate Judge released
the defendant.

After the Defendant's release from Marshal's custody, the
Defendant was subject to a detainer from Immigration and Customs
Enforcement. Defendant, having been previously deported, was
subject to reinstatement of his prior removal order.

On September 10, 2004, the defendant was deported from the United States pursuant to the Warrant of Deportation and is not available for his trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

October    , 2004
Leave To File Granted:

_____
MARK L. WOLF
United States District Judge
Date:  _____

CERTIFICATE OF SERVICE

I, Nadine Pellegrini, hereby certify that I have this 15th day of October, 2004, served by electronically filing a copy of the foregoing on counsel for the defendant, Charles Rankin, Esq. Rankin & Sultan, Boston, MA.

Nadine Pellegrini
Assistant U.S. Attorney