UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.              )     CRIMINAL NO. 04-10377-NG
                            )
Fredy Zapata-Soto        )

## MOTION TO DISMISS

Defendant, Fredy Zapata-Soto, respectfully moves that this court dismiss the above-referenced indictment, charging him with illegal reentry after deportation, in violation of 8 U.S.C. §1326, on the grounds that the deportation proceeding that gave rise to this charge was conducted in his absence, without proper notice to him and in violation of his due process rights. The deportation proceeding in absentia and without notice deprived him of his right to judicial review and he was prejudiced by the lack of review. Therefore, the indictment must be dismissed. See United States v. Smith, 36 F.3d 128, 132 (1st Cir.), cert. denied, 115 S.Ct. 529 (1994) (challenge to constitutionality of prior deportation hearing properly raised by pretrial motion to dismiss).

## STATEMENT OF FACTS

On January 8, 1991, defendant was taken into INS custody in Providence, Rhode Island, and interrogated. An order to show cause, advising him that he was subject to deportation, apparently was served on him, and defendant was released from

custody.  See Exhibit A.  The show cause order was entirely in English and indicated that the time, date, and place of the hearing were "to be set."  Id.  Prior to being released, the defendant informed INS that his address was in Woonsocket, Rhode Island 02895.

On April 3, 1991, a deportation hearing was conducted in the Immigration Court of Boston, before Immigration Judge Thomas M. Ragno.  Defendant was not present.  Judge Ragno issued an order of deportation the same day.  See Exhibit B.  In the order, the judge found that defendant had been "duly notified of the time and place of the hearing."  Id.  In fact, defendant never received notice of the time, date, or place of the hearing.

On December 9, 2005, at a detention hearing before Justice Gertner, the government produced, for the first time, a copy of the notice of the deportation hearing that was allegedly sent to the defendant. The notice, again, is written in English and indicates an address for the defendant in Woonsocket, Rhode Island 02895.  The notice is dated February 27, 1991, almost two months since he had been in INS custody and was served with the show cause order.

The immigration "A-file" does not contain any reference to this letter being introduced at the deportation hearing as proof of notice.  See letter, dated February 27, 1991 (Exhibit C).  In addition, the file does not appear to contain any proof that this

notice was mailed or served, such as a copy of a return receipt or certificate of service.

What the A-file does contain is a letter and accompanying envelope indicating the immigration judge's decision and notifying the defendant of his appellate rights under the circumstances.  See copy of envelope (Exhibit D).  This letter and envelope were sent to the same Woonsocket, Rhode Island address but they were returned to the Office of the Immigration Judge ("OIJ") and were marked "addressee unknown" by the Post Office.  Again, the government has produced no evidence that the defendant ever received these materials.

In February 1994, an individual, **someone other than the defendant in this case**, using the name Fredy Zapata was deported to the Dominican Republic on the warrant of deportation issued by Judge Ragno in 1991.  This wrongful deportation occurred after a fingerprint comparison was done between the defendant's prints and this individual's prints.  The individual agents who did the fingerprint comparison came to the obviously incorrect conclusion that these prints were of the same individual.  The mistake was discovered at a later date and noted in a memorandum contained in the defendant's A-file.  See attached memorandum (Exhibit E).  The defendant was eventually deported on Judge Ragno's order on March 31, 1994.

-3-

From the time that the order to show cause was issued in January 1991, until defendant was physically put on a plane in and deported in March of 1994, defendant never appeared before an immigration judge and never was notified of his right to appeal.

As of January 8, 1991, defendant had not been convicted of an aggravated felony.  He was able, at the time, to pay his own travel expenses out of the country.  Therefore, had he been properly notified and appeared before an immigration judge, he would have been eligible to seek voluntary departure.

ARGUMENT

I.   DEFENDANT WAS DEPRIVED OF DUE PROCESS THROUGH THE IMPROPER
     USE OF DEPORTATION <u>IN ABSENTIA</u> AND BECAUSE HE NEVER WAS
     NOTIFIED OF HIS RIGHT TO APPEAL.

An indictment brought under 8 U.S.C. §1326 must be dismissed where a defendant was deprived of his right to effective judicial review of the deportation order that underlies the prosecution. <u>See</u> <u>United States v. Mendoza-Lopez</u>, 481 U.S. 828, 841 (1987). "Persons charged with crime are entitled to have the factual and legal determinations upon which convictions are based subjected to the scrutiny of an impartial judicial officer." <u>Id</u>.

In <u>Mendoza-Lopez</u>, the Supreme Court required dismissal of the indictment where defendants had not been adequately notified at their deportation hearings of their right to appeal and of their eligibility for relief from deportation.  <u>Id</u>.

-4-

In this case, in contrast, defendant received no notice of
his appellate rights and was denied the most fundamental of due
process rights:  notice and the opportunity to be heard.  <u>See</u>,
<u>e.g.</u>, <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532,
546 (1985); <u>Amsden v. Moran</u>, 904 F.2d 748, 753 (1st Cir. 1990),
<u>cert. denied</u>, 498 U.S. 1041 (1991).  "The opportunity to be heard
must be tailored to the capacities and circumstances of those who
are to be heard."  <u>Goldberg v. Kelly</u>, 397 U.S. 254, 268-69
(1970).  Here, defendant was deprived of both meaningful notice
and an opportunity to be heard.  Thus, the immigration proceeding
was fundamentally unfair and cannot form the basis for criminal
prosecution and penalties.

    A.    Defendant did not Receive Adequate Notice of the Time,
Date, and Place of his Hearing, in Accordance with the
Regulations then in Effect.

The relevant statute in effect at the time of defendant's
deportation hearing provided, "If any alien has been given a
reasonable opportunity to be present at a proceeding under this
section, and without reasonable cause fails or refuses to attend
or remain in attendance at such proceeding, the special inquiry
officer may proceed to a determination in like manner as if the
alien were present."  8 U.S.C. §1252(b).

The First Circuit has interpreted that statute as permitting
a deportation <u>in absentia</u> "so long as the alien <u>receives</u> notice
of the date and place of the hearing."  <u>Thomas v. INS</u>, 976 F.2d

-5-

786, 789 (1st Cir. 1992) (emphasis added). Even so, then-Chief
Judge Breyer dissented from the court's denial of review of a
deportation in absentia, stating that "the severity of the
consequence, the minimal procedural interference, and the serious
claim for relief from deportation" warranted a new hearing. Id.
at 791.

In this case, defendant was not provided with a reasonable
opportunity to be present, nor was his failure to appear "without
reasonable cause," since he had not been provided with actual or
reasonable notice of the time, place and date of the hearing.

The regulations regarding notice in effect at the time of
defendant's deportation hearing required, in any proceeding
initiated by the INS "with proposed adverse effect," personal
service of the initiating notice and of notice of any decision by
a Service officer, "except as provided in §242.1(c) of this
chapter." 8 C.F.R. 103.5a(c)(1) (1989). Personal service was
defined as including, inter alia, delivery of a copy personally;
delivery of a copy to a person's residence and "leaving it with
some person of suitable age and discretion;" delivery to the
office of an attorney; or mailing a copy by certified or
registered mail, return receipt requested. Id. Where an order
to show cause was served by routine service, defined as ordinary
mail, and the respondent failed to appear for the hearing or
acknowledge in writing receipt of the show cause order, the

-6-

regulations required that the order be served again, this time by personal service.  8 C.F.R. §242.1(c) (1989)

Here, where defendant was not given personal service of the time and place[1] of his hearing, then failed to appear, and was ordered deported without being re-served, he was not provided with service that complied with the regulations or with due process.  The order to show cause, even if served in person, was not complete, since it did not include the time and place of the deportation hearing.  See 8 C.F.R. §242.1(b) (1989) ("The Order shall call upon the respondent to appear before an Immigration Judge for a hearing at a time and place which shall be specified by the Office of the Immigration Judge").  Thus, later notice of the time and place of the hearing was, in effect, a continuation of the Order to Show Cause and should have been served in the same manner.

The practice in effect in 1991 of using regular mail to notify aliens of the time and place of their deportation hearings was recognized and criticized by the General Accounting Office in October 1989, in a report entitled "Immigration Control: Deporting and Excluding Aliens from the United States."  The GAO

---

[1] Since defendant's only contact with INS before the hearing was in Providence, Rhode Island, he could not reasonably be expected to foresee that the deportation hearing would be held in Boston.

noted that the use of regular first-class mail to provide such
notice "does not ensure that aliens receive the hearing
notification because no evidence of receipt of the letter is
provided."  Id. at 28.  The Board of Immigration Appeals has
interpreted the provisions of 8 C.F.R. §103.5a(a)(2)(iv) (1990)
as requiring "that the certified mail receipt be signed by the
respondent or a responsible person at the respondent's address
and returned[.]"  Matter of Huete, No. A-29570427, 1991 BIA Lexis
4, *2 (February 19, 1991) (upholding immigration judge's
termination of deportation proceedings, based on INS' failure to
prove actual service of order to show cause and notice of
hearing).

    Moreover, neither the Order to Show Cause nor the Record of
Deportable Alien, indicate that defendant was advised of the
availability of free legal services programs and furnished with a
list of such programs, as required by 8 C.F.R. §242.1(c).

    "[T]he rules promulgated by a federal agency, which regulate
the rights and interests of others, are controlling upon the
agency."  Montilla v. INS, 926 F.2d 162, 166 (2nd Cir. 1991)
(remanding deportation order for failure to comply with
regulations requiring notification of right to counsel in
deportation proceeding).  This principle was recognized in United
States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954), and
thus is known as the Accardi doctrine.  Montilla, 926 F.2d at

166-67.  "The <u>Accardi</u> doctrine is premised on fundamental notions of fair play underlying the concept of due process." <u>Id</u>. at 167. "The doctrine has continued vitality, particularly where a petitioner's rights are "affected."  <u>Id</u>.  <u>See also</u> <u>Navia-Duran v. INS</u>, 568 F.2d 803, 808-09 (1st Cir. 1977).

Here, the INS violated rules that are, far from mere technicalities, minimal (at best) safeguards for due process and fundamental fairness.  "The INS may not fairly administer the immigration laws on the notion that on some occasions its rules are made to be broken." <u>Montilla</u>, 926 F.2d at 164.

    B.    The Notice Provided was Inadequate under Legislation Enacted before Defendant was Physically Deported.

Just prior to the defendant's deportation hearing in 1991, Congress replaced the agency regulations with a statute that required more rigorous notice procedures. <u>See</u> 8 U.S.C. §1252b(a)(2), Public Law 101-649, §545(a)(2) (November 29, 1990). The new statute, which by announcement dated August 5, 1991 was made effective retroactively to February 13, 1991, required immigration officials to provide an alien subject to deportation proceedings with written notice served <u>in person</u> of the time and place of the proceedings and of the consequences of failing to appear.  <u>See</u> <u>id</u>.  The statute allowed notice to be provided by certified mail "if personal service is not practicable".  <u>Id</u>. Certified mail is defined in the statute as "certified mail,

return receipt requested".  See 8 U.S.C. §1252b(f)(1), Public Law 101-649, §545(f)(1) (emphasis added).  The new statute also required an alien to be notified that he or she is required to provide an accurate address, and of the consequences of failure to provide that information.  8 U.S.C. §1252b(a)(1)(F).

Moreover, the new statute required that the order to show cause "or other notice under this subsection" be provided in English and Spanish.  8 U.S.C. §1252b(a)(3)(A), Public Law 101-649, §545(a)(3)(A).  Here, the show cause order and letters were in English only, despite the fact that the INS Record of Sworn Statement in Affidavit Form dated January 8, 1991 indicates that the form was read to the defendant, in its entirety, by the agent handling the interview in Spanish.  See Affidavit Form, dated January 8, 1991, attached as Exhibit F.

The new law specifically permits deportation in absentia if the INS "establishes by clear, unequivocal and convincing evidence that the written notice was so provided and that the alien is deportable."  8 U.S.C. §1252b(c)(1).  The record does not contain such evidence in this case.

    C.   The Lack of Notice and In Absentia Hearing Deprived
         Defendant of Meaningful Judicial Review.

In United States v. Mendoza-Lopez, 481 U.S. 828, 838 n.15 (1987), the Supreme Court held that, "at a minimum, the result of an administrative hearing may not be used as a conclusive element

of a criminal offense where the judicial review that legitimated
such a practice in the first instance has effectively been
denied."  The court nevertheless observed that, even with that
proviso, "the use of the result of an administrative proceeding
to establish an element of a criminal offense is troubling."  Id.

The Mendoza-Lopez court found that the underlying
deportation proceedings were fundamentally unfair, and that the
convictions therefore could not stand, where "[t]he Immigration
Judge permitted waivers of the right to appeal that were not the
result of considered judgments by respondents, and failed to
advise respondents properly of their eligibility to apply for
suspension of deportation."  Id. at 840.

In this case, there was no knowing waiver of the right to
appeal -- indeed, defendant never was informed of the right to
judicial review of his deportation or given the opportunity to
assert it.  There was no advice to defendant of any avenues for
relief from deportation.  The process used in this case fell far
below that held fundamentally unfair in Mendoza-Lopez.  Indeed,
undersigned counsel has been unable to locate any published case
in which a deportation in absentia has been used as the basis for
a prosecution under 8 U.S.C. §1326.  In fact, all of the First
Circuit cases addressing collateral challenges to deportations
used as the basis for prosecutions under that statute have
involved cases in which the aliens not only were present, but

actually filed appeals, only to later voluntarily withdraw them.
See United States v. Smith, 36 F.3d 128 (1st Cir.), cert. denied,
115 S.Ct. 529 (1994); United States v. Smith, 14 F.3d 662 (1st
Cir. 1994); United States v. Vieira-Candelario, 6 F.3d 12 (1st
Cir. 1993).

II.  DEFENDANT WAS PREJUDICED BY THE VIOLATION OF HIS DUE PROCESS
     RIGHTS.

     The First Circuit has not yet decided whether a defendant
challenging the validity of a prior deportation as the basis for
a §1326 prosecution must show prejudice from the procedural
defects alleged.  Although the Mendoza-Lopez court did not state
whether prejudice was required, every circuit that has addressed
the issue has held that prejudice must be shown.

     Here, the prejudice is clear:  defendant's deportation in
absentia, without proper notice, is in and of itself a defense to
the deportation and could provide a basis for reopening the prior
deportation proceeding.  See Sewak v. I.N.S., 900 F.2d 667, 673-
74 (3d Cir. 1990).  Cf. Thomas v. INS, 976 F.2d 786, 789 (1st
Cir. 1992) (holding that deportation in absentia is valid if
alien receives notice of date and place of the hearing), citing
Sewak.  Indeed, it is the type of defect that is so fundamentally
unfair that it should require dismissal per se.

Nevertheless, in this case defendant can demonstrate that, had he been properly notified and given an opportunity to be heard, the outcome probably would have been different.

First, defendant could have sought voluntary departure in lieu of deportation.  See United States v. Lopez-Vasquez, 1 F.3d 751, 755 (9th Cir. 1993) (remanding for determination of whether defendant suffered prejudice, where government contended defendant ineligible for suspension of deportation, voluntary departure or lawful admission).  Cf. United States v. Fares, 978 F.2d 52, 58 (2nd Cir. 1992) (defendant did not demonstrate prejudice where he did not show that he was not adequately informed of right to voluntary departure); United States v. Santos-Vanegas, 878 F.2d 247, 251 (8th Cir. 1989) (defendant demonstrated prejudice by showing that improper legal standard was used to review political asylum claim).

Voluntary departure is available to persons who can show good moral character over the previous five years.  See Lopez-Vasquez, 1 F.3d at 755 n.8.  Persons convicted of certain crimes or who have served 180 days for a conviction of a criminal offense are not eligible to be considered for this relief.  See 8 U.S.C. §1101(f).  At the time of the deportation hearing, defendant was not ineligible for voluntary departure.  Moreover, he had the financial means to provide his own transportation out

of the country, a factor that would have made voluntary departure

a likely outcome.

FREDY ZAPATA-SOTO
By his attorney,

/s/Oscar Cruz, Jr.

Oscar Cruz, Jr.
  B.B.O. # 630813
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

_____I, Oscar Cruz, Jr., hereby certify that this document filed
through the ECF system will be sent electronically to the
registered participant, Assistant U.S. Attorney Nadine
Pellegrini, as identified on the Notice of Electronic Filing
(NEF)on January 20, 2006.

/s/ Oscar Cruz, Jr.
  Oscar Cruz, Jr.

# EXHIBIT
# A

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service          No.

ORDER TO SHOW CAUSE, NOTICE OF HEARING, AND WARRANT FOR ARREST OF ALIEN

In Deportation Proceedings under Section 242 of the Immigration and Nationality Act

UNITED STATES OF AMERICA:                   File No. _A29 857 400_

**In the Matter of**      Fredy Antonio ZAPATA-Soto               **Respondent.**
                          127 Roland Street
                          Woonsocket, Rhode Island  02895
Address (number, street, city, state, and ZIP code)

UPON inquiry conducted by the Immigration and Naturalization Service, it is alleged that:

1. You are not a citizen or national of the United States;
2. You are a native of _Dominican Republic_ and a citizen of _Dominican Republic_ ;
3. You entered the United States at _San Ysidro, California_ on
   or about _August 6, 1987_ ;
              (date)

4.   You did not present yourself for inspection;

5.   You were not inspected by a United States Immigration Officer;

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

    Section 241(a)(2) of the Immigration and Nationality Act, in that,
    you entered the United States without inspection.

WHEREFORE, YOU ARE ORDERED to appear for hearing before an Immigration Judge of the Immigration and Naturalization Service of the United States Department of Justice at _____
   TO BE SET
on _____TO BE SET_____ at _TO BE SET_ m, and show cause why you should not be deported from the United States on the charge(s) set forth above.

WARRANT FOR ARREST OF ALIEN

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I have commanded that you be taken into custody for proceedings thereafter in accordance with the applicable provisions of the immigration laws and regulations, and this order shall serve as a warrant to any Immigration Officer to take you into custody. The conditions for your detention or release are set on the reverse hereof.

**Dated:**    January 8, 1991

                                    _____
                                    (Signature and title of issuing officer)
                                    WILLIAM J. GRANGER, OFFICER IN CHARGE
                                    Providence, Rhode Island
                                    _____
                                              (City and State)

                                                        080

## NOTICE TO RESPONDENT

### ANY STATEMENT YOU MAKE MAY BE USED AGAINST YOU IN DEPORTATION PROCEEDINGS

**THE COPY OF THIS ORDER SERVED UPON YOU IS EVIDENCE OF YOUR ALIEN REGISTRATION WHILE YOU ARE UNDER DEPORTATION PROCEEDINGS, THE LAW REQUIRES THAT IT BE CARRIED WITH YOU AT ALL TIMES**

If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service. You should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you should bring the original and certified translation thereof. If you wish to have the testimony of any witness considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Order to Show Cause and that you are deportable on the charge set forth therein. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. Failure to attend the hearing at the time and place designated hereon may result in a determination being made by the Immigration Judge in your absence.

You will be advised by the Immigration Judge, before whom you appear, of any relief from deportation for which you may appear eligible. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

### NOTICE OF CUSTODY DETERMINATION

Pursuant to the authority of Part 242.2, Title 8, Code of Federal Regulations, the authorized officer has determined that pending a final determination of deportability in your case, and, in the event you are ordered deported, until your departure from the United States is effected, but not to exceed six months from the date of the final order of deportation under administrative processes, or from the date of the final order of the court, if judicial review is had, you shall be:

☐ Detained in the custody of this Service.        ☒ Released on recognizance.

☐ Released under bond in the amount of $ _____ .

You may request the Immigration Judge to redetermine this decision.

☐ I do        ☐ do not request a redetermination by an Immigration Judge of the custody decision.

_____        _____
(signature of respondent)                                    (date)

### REQUEST FOR PROMPT HEARING

To expedite determination of my case, I request an immediate hearing, and waive any right I may have to more extended notice.

_____        _____
(signature of respondent)                                    (date)

### CERTIFICATE OF SERVICE

Served by me at *Providence, RI*   on   *01/08*   19*91*, at _____ m.

*Personal Service made*
*+ I-618 Served*

*Melmut Graham, SA*
(signature and title of employee or officer)

081

# EXHIBIT B

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
BOSTON, MASSACHUSETTS
File A29-857-400

In the Matter of:

                            In Deportation Proceedings

    ZAPATA-SOTO, FREDY ANTONIO
        Respondent

CHARGE(S): 241(a)(02)
APPLICATION(S):

On behalf of the Respondent:      On behalf of the Service

                               RICHARD BUYNISKI

DECISION OF THE IMMIGRATION JUDGE

It is charged in the Order to Show Cause that the respondent is a native and citizen of
who entered the United States on or about _8-6-87_ and is deportable under Section 241(a)(02) of the Act. The Order to Show Cause was served upon the respondent. This Order to Show Cause contained a warning that a failure to attend the hearing at the time and place designated may result in a determination being made by the Immigration Judge in the respondent's absence. The respondent was duly notified of the time and place of the hearing, but without reasonable cause failed to appear on 04/02/91.

Section 242(b) of the Act, 8 U.S.C. 1252(b),provides inter alia that the Immigration Judge shall have the power to conduct in absentia hearings, "If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend....the (Immigration Judge) may proceed to a determination in like manner as if the alien were present." The Supreme Court in INS v. Lopez-Mendoza, 104 S. Ct. 3479 (1984) stated, "The respondent must be given a reasonable opportunity to be present at the proceeding, but if the respondent fails to avail himself of the opportunity, the hearing may proceed in his absence." See also Matter of Charles, 16 I&N Dec. 241 (BIA 1971); Matter of Jean, 17 I&N Dec. 100 (BIA 1979); Matter of Patel, I.D. 2993 (BIA 1985); and Matter of Perez, I.D. 3025 (BIA 1987).

109

Since respondent failed to appear or show any reason for such failure to appear, deportation proceedings were held in absentia. The Immigration and Naturalization Service presented Form I-213, Record of Deportable Alien/passport/affidavit/other* as evidence that the respondent is a native and citizen of the country stated in the Order to Show Cause and is deportable on the charge set forth in the Order to Show Cause. I find that deportability as been

SLM



established by evidence which is clear, convincing and unequivocal.
Woodby v. INS, 385 U.S. 276 (1966), 8 C.F.R. 242.14(a).

Respondent is not present to establish eligibility for any relief
from deportation and therefore will be ordered deported to the
country of his citizenship.
ORDER: IT IS ORDERED that respondent be deported from the United
States to DOMINICAN REPUBLIC on the
charge(s) contained in the Order to Show Cause.

Date: 04/03/91

                                        THOMAS M. RAGNO
                                        Immigration Judge          1U

*

110

# EXHIBIT
# C

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
BOSTON, MASSACHUSETTS


ZAPATA-SOTO, FREDY ANTONIO
127 ROLAND STREET
WOONSOCKET     RI 02895


FILE NO. A29-857-400                    DATE:02/27/91

NOTICE OF MASTER CALENDAR HEARING
IN IMMIGRATION PROCEEDINGS

RE:ZAPATA-SOTO, FREDY ANTONIO

     PLEASE TAKE NOTICE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED FOR A MASTER CALENDAR HEARING BEFORE AN IMMIGRATION
JUDGE ON 04/02/91, AT 01:00PM, AT
     THE OFFICE OF THE IMMIGRATION JUDGE
     JFK FEDERAL BLDG., 510A
     BOSTON, MA, 02203
     YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE
GOVERNMENT, BY AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND
QUALIFIED TO REPRESENT PERSONS BEFORE AN IMMIGRATION  JUDGE.  IF YOU
WISH TO BE SO REPRESENTED, YOUR ATTORNEY OR REPRESENTATIVE SHOULD
APPEAR WITH YOU AT THE HEARING.
     YOU WILL BE EXPECTED TO PLEAD TO THE ALLEGATIONS IN THE CHARGING
DOCUMENT AT THIS HEARING.  IN ADDITION, ALL APPLICATIONS AND MOTIONS
FOR RELIEF SHOULD BE SUBMITTED.  PREPARE SUFFICIENT COPIES OF
APPLICATIONS OR MOTIONS TO SERVE ON ALL PARTIES.
     FAILURE TO APPEAR AT YOUR HEARING MAY RESULT IN ONE OR MORE
OF THE FOLLOWING ACTIONS:
     1. YOU MAY BE TAKEN INTO CUSTODY BY THE IMMIGRATION AND
        NATURALIZATION SERVICE AND HELD FOR FURTHER ACTION.
     2. IF YOU ARE IN DEPORTATION PROCEEDINGS, YOUR HEARING MAY BE
        HELD IN YOUR ABSENCE UNDER SEC.242(B) OF THE IMMIGRATION AND
        NATIONALITY ACT, AND AN ORDER MAY BE ENTERED AGAINST YOU; OR
     3. IF YOU ARE IN EXCLUSION PROCEEDINGS;
        a.  YOUR APPLICATION FOR ADMISSION TO THE UNITED STATES MAY
            BE CONSIDERED WITHDRAWN, OR
        b.  YOUR HEARING MAY BE HELD IN YOUR ABSENCE AND AN ORDER
            ENTERED AGAINST YOU PURSUANT TO THE BOARD OF IMMIGRATION
            APPEALS DECISION IN MATTER OF NAFI, INTERIM DECISION 3024
            (1987).                                              2P

CAB

# EXHIBIT D

103



DOMESTIC RETURN RECEIPT

PS Form 3811, November 1980



U. S. Department of Justice
Immigration & Naturalization Service

John Fitzgerald Kennedy Federal Building
Government Center
Boston, Massachusetts 02203

Official Business
Penalty for Private Use, $300

U.S. OFFICIAL MAIL

BOSTON
19'91
MA

PENALTY
OR
RIVATE
USE $300

U.S. POSTAGE
2.29

P.B. METER
6091491

RECEIVED
JUN 2

Fold at line over top of envelope to the
right of the return address.

CERTIFIED

P 753 270 038

MAIL

102

20

# EXHIBIT E

On 02/28/94 a subject named Freddy ZAPATA DOB/072268 was committed to the Adult Correctional Institution, Cranston, RI after being charged by the Woonsocket, RI Police Department of the delivery of cocaine (court case # 62942841-case is presently pending at the 6th District Court, Providence, RI). A detainer was subsequently lodged against this subject by PRO/INV after making the determination that this subject's alien registration file number was A29 857 400. On 03/23/94, he was bailed into the custody of PRO/INV after posting bail.

On this same date, a fingerprint analysis was conducted by Sgt. Emil FIOREVANTI, Bureau of Criminal Identification, Providence Police Department, of the set of fingerprints taken from this particular subject and the fingerprint on back of the Warrant of Deportation (A29 857 400) dated 06/04/91. Sgt. FIOREVANTI concluded that these prints did not belong to the same person.

On 03/24/94, a fingerprint analysis was conducted by John Cavanaugh, who is a fingerprint expert employed by the RI State Bureau of Criminal Identification, of a set of fingerprints of a subject named Fredy ZAPATA on a fingerprint card from the Massachusetts Department of State Police/ID Section dated 01/27/94 and the fingerprint on back of the Warrant of Deportation (A29 857 400) dated 06/04/91. He concluded that these prints belonged to the same person. This is a different subject than the person who is in the custody of PRO/INV and who is indexed under the alien registration file A29 857 400. It appears that the subject who was encountered by SA QUEALLY ON 01/27/94 was in fact a subject named Freddy ZAPATA DOB/021667 who is indexed in the MA Criminal History Systems Board under PCF: 00002103581. It also appears that this was the subject who was deported from the United States as Freddy Antonio ZAPAPTA-Soto DOB/02/12/68 under alien registration file number A29 857 400. THIS "A" FILE DOES NOT RELATE TO THIS SUBJECT AND IS NOT THE SAME INDIVIDUAL WHO WAS SERVED AN ORDER TO SHOW CAUSE DATED 01/08/91

Moreover, PRO/INV received a faxed copy of the form I-385 from BOS/SPC on 03/24/94 and it appears that the photgraphic likeness of the subject on this card is entire different from the individual who is presently in the custody of PRO/INV and who relates to the alien registration file number A29 857 400 (SEE ATTACHED COPY OF FORM I-385).

085

SA *Melvin H. Graham*
PRO / TAA /

# EXHIBIT F

U.S. DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM
-------------------------------------------------------
-------------------------------------------------------

AFFIDAVIT
IN AN ADMINISTRATIVE PROCEEDING

IN RE: _Fredy Antonio ZAPATA-Soto_    FILE NO. _A29 857 400_

EXECUTED AT: Providence, Rhode Island    DATE _January 8, 1991_

Before the following officer of the U.S. Immigration and
Naturalization Service: _Special Agent Melvin Graham_

in the _SPANISH_ language. Interpreter _NONE_ used.

============================================================
I, _Fredy Antonio Zapata-Soto_ , acknowledge that the above-
named officer has identified himself to me as an officer of the
United States Immigration and Naturalization Service, authorized
by law to administer oaths and take testimony in connection with
the enforcement of the Immigration and Nationality laws of the
United States. He has informed me that he desires to take my
sworn statement regarding:
                  MY ENTRY INTO THE UNITED STATES.
He has told me that my statement must be freely and voluntarily
given and has advised me of these rights:
        You have been arrested because it is believed you are an
        alien not lawfully entitled to be or remain in the United
        States.

        You have the right to be represented by counsel of your
        choice at no expense to the Government.

        Any statement you make may be used against you in a
        subsequent administrative proceeding.

        A decision will be made within 24 hours or less as to
        whether you will be continued in custody or released on
        bond or recognizance.

        You are provided with a list of the available free legal
        this district which are qualified and/or recognized by the
        Immigration and Naturalization Service.

I am willing to make a statement without anyone else being
present. I swear that I will tell the truth, the whole truth, and
nothing but the truth, so help me, God.

Being duly sworn, I make the following statement:

My true and correct name is _Fredy Antonio ZAPATA-Soto_. I was
born on _February 12, 1968_ at _Dominican Republic_ and I am
a citizen of _Dominican Republic_ . I last entered the United
States on or about _August 6, 1987_ near _San Ysidro_ ,
_California_ without inspection. I did not have a visa in
order to enter the United States.

The above has been read to me in the _SPANISH_ language and
is true and correct to the best of my knowledge.
                                    X _Freddy A. Soto_
                                        Alien

The above has been sworn and subscribed to me at Providence,
Rhode Island on _01/08/91_ .        _Melvin Graham_ , SA
                                        Immigration Officer

_____ SSA
Witness                                    100