UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      )  Criminal No. 04-10377-NG
                                  )
FREDY ZAPATA-SOTO                 )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE INDICTMENT**

The United States of America, by and through its attorneys,
Michael J. Sullivan, U.S. Attorney for the District of
Massachusetts, and Nadine Pellegrini, Assistant U.S. Attorney,
hereby files this Opposition to the Defendant's Motion to Dismiss
the Indictment and, as grounds therefore, states the following:

(1)2. Defendant cannot collaterally attack deportation
proceedings in a prosecution under 8 U.S.C. §1326(a) as he fails
to satisfy, or address, the first of the conditions precedent
that are required pursuant to 8 U.S.C. §1326(d) in that the
Defendant did not exhaust his administrative remedies.

***I. Statement of Relevant Facts***

Defendant entered the United States without inspection in
1987. As a result of his illegal entry, Defendant was served with
an Order to Show Cause ("Order") dated January 8, 1991, Exhibit
A.  The certificate of service indicates that the Defendant was
personally served with the Order and that his fingerprint was

placed on the Order.  Defendant provided the following
information as his address: 127 Roland Street, Woonsocket, RI.
See Record of Deportable Alien, Exhibit B.

At the time of the service of the Order, Defendant was
permitted to be released upon his own recognizance.  The
Defendant was also personally served on the same day with the
Notice that requires every alien to notify the (then) Immigration
and Naturalization Service ("INS") in writing of each change of
address and new address within ten days.  In order to show
service upon the Defendant of this document, his fingerprint was
also affixed to the Notice, Exhibit C.

According to the recorded proceedings before the Immigration
Court on April 3, 1991, the court noted that the Defendant was
sent Notice of the Hearing on February 27, 1991, at his last
known address.[1]  The Court marked the Notice as an Exhibit.

Pursuant to the then-applicable 8 C.F.R. Section 3.17
(1990), it was (and remains) the responsibility of the Office of
the Immigration Judge ("OIJ") to set the date of the hearing and
to provide notice to the parties.  At the time of the hearing in
1991, service by mail at the last known address by the OIJ was
deemed sufficient.  <u>Matter of Munoz-Santos</u>, 20 I.&N. Dec 205.

---

[1]As set forth in the attached supporting affidavit of
Special Agent Ross Gazzagnia, the Notice was retrieved from the
files of the Office of the Immigration Judge and was not kept
within the alien registration file. See Affidavit and Notice.

2

Moreover, upon a finding by the immigration judge that notice was provided, "then a hearing, *in absentia*, in accordance with section 242(b) may be held." Id.  In this case, the Court, having noted that the Defendant was served with notice and failed to appear, continued the hearing *in absentia*.

At the conclusion of the hearing, the Immigration Judge issued his decision finding that the allegations in the Order to Show Cause provided sufficient basis for deportation of the Defendant. See Decision of Immigration Judge, Exhibit D.

A letter containing information regarding the decision and information regarding any appeal was later sent to the Defendant's last known address. These documents were returned as the envelopes were marked "addressee unknown."  Defendant failed to appear on his scheduled date of deportation. No notice of appeal was filed.  See Exhibits E and F.

**The 1994 Encounter**

As a result of an arrest in 1994, Defendant was taken into ICE custody in February of 1994.  It was finally determined that he was the subject of the 1991 Order of Deportation.  Defendant was in fact deported on March 31, 1994.  See Warrant of Deportation, Exhibit G.

**The 2004 Encounter**

In October of 2004, the Defendant, using the name of Juan Gonzalez, was located in the Middlesex County Jail awaiting

disposition of state breaking and entering charges.  By
fingerprint comparison, it was determined that the Defendant was,
in fact, Fredy Zapata-Soto, who was deported in March of 1994.

**II. 8 U.S.C. §1324(d)**

8 U.S.C. §1324(d) provides that an alien may not challenge
the validity of the deportation order unless the alien
demonstrates that:

(1) the alien exhausted any administrative remedies that may
have been available to seek relief against the order;

(2) those deportation proceedings at which the order was
issued improperly deprived the alien of the opportunity for
judicial review; and

(3) the entry of the order was fundamentally unfair.

"These elements are in the conjunctive; therefore, a
defendant must satisfy all of them to successfully attack his
removal order." United States v. Luna, 2006 WL 301083 (1st Cir.
Feb. 9, 2006).

**A.  Defendant has failed to exhaust Administrative remedies**

In his Motion, Defendant does not acknowledge or address
the initial requirement that the Defendant must have exhausted
his administrative remedies.  In fact, while Defendant admits
that there is, allegedly, a basis for "reopening the prior
deportation proceeding" [Defendant's Motion, p. 12], the fact
remains that he has done nothing in this regard.

4

Moreover, there was, and there remains, an administrative avenue open to the Defendant which, to date, he has failed to follow up on.  8 C.F.R. §1003.23( b)(4)(ii) specifically provides that an order entered *in absentia* in deportation or exclusion proceedings may be rescinded upon a motion to reopen filed **at any time** if the alien can demonstrate that he or she did not receive notice.

If the Defendant has failed to do this, and there is no indication in his moving papers that he has made an effort in this regard, then has not yet exhausted his administrative remedies regarding his deportation order.

Consequently, the Defendant is not entitled to proceed under 8 U.S.C. 1324(d). Statutory exhaustion requirements such as that set forth in § 1326(d) are "mandatory, and courts are not free to dispense with them." <u>Bastek v. Fed. Crop Ins. Corp</u>., 145 F.3d 90, 94 (2d Cir.1998). See also United States v. Chavez-Alonso, 431 F.3d 726, 728 (court held that defendant cannot collaterally attack his underlying deportation order because he failed to exhaust his administrative remedies, presented no explanation for his failure to appeal and did not even address the exhaustion requirement.)

5

**CONCLUSION**

Based upon the Defendant's failure to comply with the first of the prerequisites pursuant to 8 U.S.C. §1324(d), the government respectfully suggests that the Court need not consider any of the other issues raised and requests that the Court deny the motion in its entirety.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                              By:   /s/Nadine Pellegrini
                                    Nadine Pellegrini
                                    Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic mail:

                    Oscar Cruz, Esq.
                    Federal Defenders Office
                    408 Atlantic Avenue
                    Boston, MA 02210

This 17th day of February, 2006.

                                    /s/Nadine Pellegrini
                                    NADINE PELLEGRINI
                                    ASSISTANT UNITED STATES ATTORNEY

# EXHIBIT A

### UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service     **No.**

## ORDER TO SHOW CAUSE, NOTICE OF HEARING, AND WARRANT FOR ARREST OF ALIEN

In Deportation Proceedings under Section 242 of the Immigration and Nationality Act

**UNITED STATES OF AMERICA:**      File No. _A29 857 400_

**In the Matter of**    Fredy Antonio ZAPATA-Soto      **Respondent.**
127 Roland Street
Woonsocket, Rhode Island 02895

Address (number, street, city, state, and ZIP code)

UPON inquiry conducted by the Immigration and Naturalization Service, it is alleged that:

1. You are not a citizen or national of the United States;
2. You are a native of _Dominican Republic_ and a citizen of _Dominican Republic_;
3. You entered the United States at _San Ysidro, California_ on or about _August 6, 1987_;
   **(date)**

  4.   You did not present yourself for inspection;

  5.   You were not inspected by a United States Immigration Officer;

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation **pursuant** to the following provision(s) of law:

    Section 241(a)(2) of the Immigration and Nationality Act, in that, you entered the United States without inspection.

**WHEREFORE, YOU ARE ORDERED** to appear for hearing before an Immigration Judge of the Immigration and Naturalization Service of the United States Department of Justice at _TO BE SET_ on _TO BE SET_ at _TO BE SET_ m, and show cause why you should not be deported from the United States on the charge(s) set forth above.

### WARRANT FOR ARREST OF ALIEN

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I have commanded that you be taken into custody for proceedings thereafter in accordance with the applicable provisions of the immigration laws and regulations, and this order shall serve as a warrant to any Immigration Officer to take you into custody. The conditions for your detention or release are set on the reverse hereof.

**Dated:**   January 8, 1991

(signature and title of issuing officer)
WILLIAM J. GRANGER, OFFICER IN CHARGE
Providence, Rhode Island

**(City and State)**

## NOTICE TO RESPONDENT

ANY STATEMENT YOU MAKE MAY BE USED AGAINST YOU IN DEPORTATION PROCEEDINGS

THE COPY OF THIS ORDER SERVED UPON YOU IS EVIDENCE OF YOUR ALIEN REGISTRATION WHILE YOU ARE UNDER DEPORTATION PROCEEDINGS, THE LAW REQUIRES THAT IT BE CARRIED WITH YOU AT ALL TIMES

If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service. You should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you should bring the original and certified translation thereof. If you wish to have the testimony of any witness considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Order to Show Cause and that you are deportable on the charge set forth therein. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. Failure to attend the hearing at the time and place designated hereon may result in a determination being made by the Immigration Judge in your absence.

You will be advised by the Immigration Judge, before whom you appear, of any relief from deportation for which you may appear eligible. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

## NOTICE OF CUSTODY DETERMINATION

Pursuant to the authority of Part 242.2, Title 8, Code of Federal Regulations, the authorized officer has determined that pending a final determination of deportability in your case, and, in the event you are ordered deported, until your departure from the United States is effected, but not to exceed six months from the date of the final order of deportation under administrative processes, or from the date of the final order of the court, if judicial review is had, you shall be:

☐ Detained in the custody of this Service.          ☒ Released on recognizance.

☐ Released under bond in the amount of $ _____ .

You may request the Immigration Judge to redetermine this decision.

☐ I do          ☐ do not request a redetermination by an Immigration Judge of the custody decision.

_____          _____
(signature of respondent)                              (date)

## REQUEST FOR PROMPT HEARING

To expedite determination of my case, I request an immediate hearing, and waive any right I may have to more extended notice.

_____          _____
(signature of respondent)                              (date)

## CERTIFICATE OF SERVICE

Served by me at *Providence, RI* on _01/08_ 19_94_ at _____ m.

*Personal Service made*
*+ I-618 served*

_____
(signature and title of employee or officer)

# EXHIBIT  B

# RECORD OF DEPORTABLE ALIEN    (See A.M. – 2790 31 – 34 for Instructions)

| Family Name (Capital Letters) | Given Name | Middle Name | | Sex | Hair | Eyes | Complexion |
|---|---|---|---|---|---|---|---|
| ZAPATA-SOTO | Fredy | Antonio | | M | BRO | BRO | DARK |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| Dom. Rep. | UNKNOWN | A29 857 400 | | 505 | 150 | Auto Mechanic |

| U.S. Address | (Residence) (Number) (Street) (City) (State) (Zip Code) | Scars or Marks |
|---|---|---|
| 127 Roland Street, Woonsocket, RI 02895 | | None visible |

| Date, Place, Time, Manner of Last Entry | Passenger Boarded At | F.B.I. No. | Marital Status |
|---|---|---|---|
| AUG. 6, 1987  SYS  EWI | | | □ Single □ Separated □ Widow(er) ☑ Married □ Divorced |

**PLEASE TYPEWRITE OR PRINT IN BLOCK CAPITAL LETTERS**

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| BANI, Dominican Republic | 518.1 |

| Birthdate | Date of Action | Location Code | At/Near | Date & Hour |
|---|---|---|---|---|
| 02/12/68 | 01/08/91 | PRO | Woonsocket, RI | 01/08/91 |

| City, Province (State) and Country of Birth | AR □  Form. (Type & No.)  □ Lifted □ Not Lifted | By |
|---|---|---|
| BANI, DOM. REP | | SA Melvin Graham |

| Visa Issued At—NIV No. | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| Claims none | Claims none | EWI | Seeking |

| Date Visa Issued | Social Security No. | Send C.O. Req. Check To: | Length of Time Illegally in U.S. |
|---|---|---|---|
| Claims none | Claims none | PRO | Claims since entry |

| Immigration Record | Criminal Record |
|---|---|
| Claims none | Claims none |

| Name, Address, and Nationality of Spouse (Maiden Name, if appropriate) | Number & Nationality of minor Children |
|---|---|
| Claims none | 1 - USC |

| Father's Name, and Nationality and Address, if Known | Mother's Present and Maiden Names, Nationality and Address, if Known |
|---|---|
| Pio Zapata CoB/DR ADR/DR | Elsia Soto CoB/DR ADR/DR |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted | Lookout Book Checked | Deportation Charge(s) (Code Words) |
|---|---|---|---|
| □ None Claimed □ See Form I-43 | ☑ Yes □ No | □ Not Listed □ Listed, Code | ROTEN |

| Name and Address of (Last) (Current) U.S. Employer | Type of Employment | Salary | From: | To: |
|---|---|---|---|---|
| Claims none | | hr. | | |

Narrative (Outline particulars under which alien located/apprehended. Include details, not shown above, re time, place, manner of last entry, and elements which establish administrative or criminal violation. Indicate means and route of travel to interior) Alien has been advised of communication privileges pursuant to 8 CFR 242.2(e).

Initial __MHG__  Date __01/08/91__

Subject is a native and citizen of the Dominican Republic who claims to have entered the United States through San Ysidro, CA as EWI on 08/06/87.

On 01/08/91, subject was encountered by PRO/INV and the Woonsocket RI Police Department during an unrelated investigation at 546 North Main St, Woonsocket, RI.

There are no charges pending against this subject at this time.

_Melvin Graham SA_
(Signature and Title)

| (If space insufficient, show "continued" and continue on reverse, from bottom up): | Received (subject and documents) (report of interview) from |
|---|---|
| **DISTRIBUTION** | Officer: Melvin H. Graham |
| 1 - LOG | 01/08 19 91 at ___ ( ). M. |
| 1 - FILE | Disposition ___ OSS/WA-OR |
| | (Receiving Officer) _____ SSA |

Form I-213 (Rev. 4-16-78)Y UNITED STATES DEPARTMENT OF JUSTICE Immigration and Naturalization Service

X-2

# EXHIBIT C

**U.S. Department of Justice**

**Immigration and Naturalization Service**

---

*John O. Pastore Federal Building*
*Exchange Terrace*
*Providence, Rhode Island 02903*

PLEASE REFER TO THIS FILE NUMBER

Name of
Alien: ZAPATA-Soto, fredy                    A-File# A29 857 400
          (Last, First)

**\*NOTICE\***

Section 265 of the Immigration and Nationality Act states in part:

Every alien required to be registered under this title shall notify the
U.S. Immigration & Naturalization Service in writing (at the above address)
of each change of address and new address within ten days from the date of
such change.

------------------------------------------------------------

**\*CERTIFICATE OF SERVICE\***

I hereby certify that this notice was served upon the above referenced
respondent by personal service on  01 / 08 / 91          .
                                    Date (M/D/Y)

Immigration Official    SA
                        PRO/INV

# EXHIBIT D

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
BOSTON, MASSACHUSETTS
File A29-857-400

In the Matter of:

                                    In Deportation Proceedings

    ZAPATA-SOTO, FREDY ANTONIO
        Respondent

CHARGE(S): 241(a)(02)
APPLICATION(S):

On behalf of the Respondent:        On behalf of the Service

                                    RICHARD BUYNISKI

           DECISION OF THE IMMIGRATION JUDGE

It is charged in the Order to Show Cause that the respondent is a
native and citizen of
who entered the United States on or about ___ *8 - 6 - 87* ___ and
is deportable under Section 241(a)(02) of the
Act. The Order to Show Cause was served upon the respondent. This
Order to Show Cause contained a warning that a failure to attend the
hearing at the time and place designated may result in a determina-
tion being made by the Immigration Judge in the respondent's
absence.  The respondent was duly notified of the time and place
of the hearing, but without reasonable cause failed to appear on
04/02/91.

Section 242(b) of the Act, 8 U.S.C. 1252(b),provides inter alia that
the Immigration Judge shall have the power to conduct in absentia
hearings, "If any alien has been given a reasonable opportunity to
be present at a proceeding under this section, and without
reasonable cause fails or refuses to attend....the (Immigration
Judge) may proceed to a determination in like manner as if the alien
were present." The Supreme Court in INS v. Lopez-Mendoza, 104 S. Ct.
3479 (1984) stated, "The respondent must be given a reasonable
opportunity to be present at the proceeding, but if the respondent
fails to avail himself of the opportunity, the hearing may proceed
in his absence."  See also Matter of Charles, 16 I&N Dec. 241
(BIA 1971); Matter of Jean, 17 I&N Dec. 100 (BIA 1979); Matter of
Patel, I.D. 2993 (BIA 1985); and Matter of Perez, I.D. 3025
(BIA 1987).

Since respondent failed to appear or show any reason for such
failure to appear, deportation proceedings were held in absentia.
The Immigration and Naturalization Service presented Form I-213,
Record of Deportable Alien/passport/affidavit/other* as evidence
that the respondent is a native and citizen of the country stated
in the Order to Show Cause and is deportable on the charge set forth
in the Order to Show Cause.  The respondent having in no way been

established by evidence which is clear, convincing and unequivocal. Woodby v. INS, 385 U.S. 276 (1966), 8 C.F.R. 242.14(a).

Respondent is not present to establish eligibility for any relief from deportation and therefore will be ordered deported to the country of his citizenship.
ORDER: IT IS ORDERED that respondent be deported from the United States to DOMINICAN REPUBLIC on the
charge(s) contained in the Order to Show Cause.

Date: 04/03/91

THOMAS M. RAGNO
Immigration Judge                                    1U

# EXHIBIT E

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
JOHN FITZGERALD KENNEDY FEDERAL BUILDING
GOVERNMENT CENTER, BOSTON, MASSACHUSETTS  02203

Fredy Antonio ZAPATA-Soto                    FILE #   A29 857 400
127 Roland Street                            DATE:    June 13, 1991
Woonsocket, RI  02895


Dear Mr. ZAPATA-Soto:

This is a warning. Please read carefully.

It has been ordered that you be deported to ___Dominican Republic___.
Should you wish to return to the United States you must write
this office or the American Consular Office nearest your
residence abroad as to how to obtain permission to return after
deportation.  By law (Title 8 of United States Code, Section
1326) any deported person who within five years returns without
permission is guilty of a felony.  If convicted he may be
punished by imprisonment of not more than two years and/or a fine
of not more than $1,000.00.

A review of your file indicates there is no administrative relief
which may be extended to you, and it is now incumbent upon this
Service to enforce your departure from the United States.

Arrangements have been made for your departure from Boston,
Massachusetts via a commercial airline.  You should report to
Deportation Section at Room 702 at the above address on
___July 1, 1991___, at ___11:00___ A.M., completely ready for
deportation.  At the time of your departure from Boston,
Massachusetts you will be limited to two pieces of baggage.
Should you have personal effects in excess of this amount you
must immediately contact a Deportation Officer at (617) 565-3304,
or call in person at the address noted above, and appropriate
disposition of your excess baggage will be discussed with you.

Please keep this letter and refer to the above file number when
writing to this office.

Sincerely,


CHARLES T. COBB
DISTRICT DIRECTOR

Form I-166/I-294 (Rev. 4/6/89)

# EXHIBIT  F

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
BOSTON, MASSACHUSETTS


**ZAPATA-SOTO, FREDY ANTONIO**
**127 ROLAND STREET**
**WOONSOCKET      RI 02895**


Date: 04/03/91

File A29-357-400

In the Matter of:
ZAPATA-SOTO, FREDY ANTONIO

___√___ Attached is a copy of the written decision of the Immigration
Judge. This decision is final unless an appeal is taken to
the Board of Immigration Appeals. The enclosed copies of
FORM EOIR 26, Notice of Appeal, and FORM EOIR 27, Notice of
Entry as Attorney or Representative, properly executed, must
be filed with this office on or before _____.
The appeal must be accompanied by proof of paid fee ($110.00).

_____ Enclosed is a copy of the oral decision.

_____ Enclosed is a transcript of the testimony of record.

_____ You are granted until _____ to submit a brief
to this office in support of your appeal.

_____ Opposing counsel is granted until _____ to submit a
brief in opposition to the appeal.

All papers filed with the Court shall be accompanied by proof
of service upon opposing counsel.

Sincerely,


_____
Immigration Court Clerk                    UL

cc: RICHARD BUYALSKI
    J.F.K. FEDERAL BLDG, RM 4 TH,

# EXHIBIT G

UNITED STATES OF AMERICA
**DEPARTMENT OF JUSTICE**
IMMIGRATION AND NATURALIZATION SERVICE

## WARRANT OF DEPORTATION

No. A-29 857 400

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien      Fredy Antonio ZAPATA-Soto

who entered the United States at  San Ysidro, California

on or about   the   6th      day of ·August   , 19 87, is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241(a)(2) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the    appropriation "Salaries and Expenses, Immigration and Naturalization Service 19 9✔, including the expense of an attendant, if necessary.

Signature: _Charles T. Cobb_

Title:   District Director

Date:   March 30, 1994

Place:   Boston, Massachusetts

Form I-205
(Rev.11-29-79)N

WARRANT FOR DEPORTATION OF


_ZAPATA, FREDY_
(Name of Deportee)

Deported at Port of _NYC JFK AIRPORT_ on _3|31|94_
               (port of departure from the U.S.)           (date of departure)

via _AA 1445_
  (manner of departure; identify airline or ship; if other, state: afoot, car, etc.)

Departure witnessed by: _Smoglowski DEO_
                  (signature and title of officer)


If actual departure <u>not</u> witnessed, fully identify source or means of departure
verification: _____

_____


If self-deportation pursuant to 8CFR 243.5, check here [ ]

Officer Executing Warrant: _Smoglowski DEO_
                 (signature and title)

Date Form Completed: _3/31/94_

Comments:

                           _Freddy Zapata_
                          (signature of person fingerprinted)

                           (signature of official taking print)

**right thumb print**
                                _SDEO_
                           (title of official taking print)

# AFFIDAVIT
# AND
# NOTICE

## AFFIDAVIT OF ROSS GAZZANIGA

I, Special Agent Ross Gazzaniga, hereby affirms the following statements under the pains and penalties of perjury and states as follows:

1. I am a Special Agent with the United States Immigration and Customs Enforcement (ICE) and have been so employed since January of 1994.  I am currently assigned to National Security and Threat Protection Group within the Boston SAC office of ICE where among other duties, I investigate aliens who re-enter the United States illegally after a prior deportation.

2.   I have reviewed the case files regarding the investigation of Fredy Zapata-Soto.  The information contained herein is based upon my training and experience and information obtained from other law enforcement officers and court personnel.

3.   With respect to the investigation, and specifically with respect to the Notice of Master Calendar Hearing, a copy of which is attached hereto, such document was retrieved from the file kept in this matter by the Executive Office for Immigration Review, Office of the Immigration Judge.

4. The document is marked as Exhibit 2 and dated 4/2/91 which is the date of the Immigration hearing.

Ross Gazzaniga

Dated: 2/17/06

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
BOSTON, MASSACHUSETTS


ZAPATA-SOTO, FREDY ANTONIO
127 ROLAND STREET
WOONSOCKET      RI 02895


FILE NO. A29-857-400                        DATE:02/27/91

NOTICE OF MASTER CALENDAR HEARING
IN IMMIGRATION PROCEEDINGS

RE:ZAPATA-SOTO, FREDY ANTONIO

     PLEASE TAKE NOTICE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED FOR A MASTER CALENDAR HEARING BEFORE AN IMMIGRATION
JUDGE ON 04/02/91, AT 01:00PM, AT
     THE OFFICE OF THE IMMIGRATION JUDGE
     JFK FEDERAL BLDG., 510A
     BOSTON, MA, 02203
     YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE
GOVERNMENT, BY AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND
QUALIFIED TO REPRESENT PERSONS BEFORE AN IMMIGRATION  JUDGE.  IF YOU
WISH TO BE SO REPRESENTED, YOUR ATTORNEY OR REPRESENTATIVE SHOULD
APPEAR WITH YOU AT THE HEARING.
     YOU WILL BE EXPECTED TO PLEAD TO THE ALLEGATIONS IN THE CHARGING
DOCUMENT AT THIS HEARING.  IN ADDITION, ALL APPLICATIONS AND MOTIONS
FOR RELIEF SHOULD BE SUBMITTED.  PREPARE SUFFICIENT COPIES OF
APPLICATIONS OR MOTIONS TO SERVE ON ALL PARTIES.
     FAILURE TO APPEAR AT YOUR HEARING MAY RESULT IN ONE OR MORE
OF THE FOLLOWING ACTIONS:
     1. YOU MAY BE TAKEN INTO CUSTODY BY THE IMMIGRATION AND
        NATURALIZATION SERVICE AND HELD FOR FURTHER ACTION.
     2. IF YOU ARE IN DEPORTATION PROCEEDINGS, YOUR HEARING MAY BE
        HELD IN YOUR ABSENCE UNDER SEC.242(B) OF THE IMMIGRATION AND
        NATIONALITY ACT, AND AN ORDER MAY BE ENTERED AGAINST YOU; OR
     3. IF YOU ARE IN EXCLUSION PROCEEDINGS;
        a.  YOUR APPLICATION FOR ADMISSION TO THE UNITED STATES MAY
            BE CONSIDERED WITHDRAWN, OR
        b.  YOUR HEARING MAY BE HELD IN YOUR ABSENCE AND AN ORDER
            ENTERED AGAINST YOU PURSUANT TO THE BOARD OF IMMIGRATION
            APPEALS DECISION IN MATTER OF NAFI, INTERIM DECISION 3024
            (1987).                                              2P

:AB